**Andrew J. BOWALICK, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Department of Education, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2003.

Decided Jan. 8, 2004.

---

William W. Boyd, Lancaster, for petitioner.

Lynda B. Meinke, Harrisburg, for respondent.

Richard E. Burridge, Harrisburg, for amicus curiae, PA State Education Association.

1. The Pennsylvania State Education Association (PSEA) filed an amicus brief in support

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal from the summary revocation of a teacher's certification, we are asked whether simple assault is always a crime of moral turpitude. Concluding it is not, we reverse and remand.

Procedurally, Andrew J. Bowalick (Teacher) petitions for our review of an order of the Professional Standards and Practices Commission (Commission). The Commission granted the Commonwealth of Pennsylvania, Department of Education's (Department) motion for summary judgment revoking his professional teaching certification.[1]

Teacher was arrested following a domestic dispute with his wife. Thereafter, Teacher pled guilty to simple assault and was sentenced.

The Department filed a notice of charges and a motion for summary judgment with the Commission seeking revocation of Teacher's teaching certificate. The notice informed teacher "Simple Assault is a crime involving moral turpitude.... Pursuant to P.S. [24] § 2070.9b(2), [the Commission] must direct the Department to revoke [your] teaching certificate upon [your] conviction of a crime involving moral turpitude." R.R. at 2a 3a.

Teacher filed an answer admitting he pled guilty to the criminal charge but asserting "the tendering of said plea was to avoid embarrassment to his wife, children, and himself...." R.R. at 33a. He argued his actions were unrelated to moral turpitude and claimed the criminal charges

of Teacher.

were filed by his wife to gain an advantage in divorce proceedings.

The Commission granted summary judgment, thereby revoking Teacher's teaching certificate without a hearing. The Commission determined the circumstances underlying Teacher's guilty plea were irrelevant and simple assault fell within the Pennsylvania Code's definition of "moral turpitude." The Commission reasoned:

> Juxtaposing the elements of the crime against the definition of moral turpitude, it is clear that the elements of Simple Assault fall clearly within the definition of moral turpitude. Accordingly, there is no genuine issue as to any material fact and immediate revocation of [Teacher's] teaching certificates will be ordered as a matter of law.

R.R. at 41a.

Teacher petitions for our review of the Commission order.[2] Contending simple assault is not necessarily a crime involving moral turpitude, Teacher argues the Commission denied him due process by not holding an evidentiary hearing.

Section 9.2 of the Professional Educator Discipline Act[3] (Act) provides as pertinent:

> The commission shall ... [d]irect the department to *revoke the certificate of a professional educator who has been convicted of a* crime set forth in section 111(e)(1) through (3) of the "Public School Code of 1949," or a *crime involving moral turpitude* ... upon the filing of a certified copy of the verdict or judgment or sentence of the court with the commission ... For purposes of this paragraph, the term "conviction" shall include a plea of guilty or *nolo contendere.*

24 P.S. § 2070.9b(2)(emphasis added). This statute permits revocation upon conviction of a crime of moral turpitude. This provision does not address whether a hearing shall be afforded.[4]

A teaching certificate is a constitutionally protected property right entitled to due process protection. *See Petron v. Dep't of Educ.*, 726 A.2d 1091 (Pa.Cmwlth. 1999). Once the Commission receives a certified copy of a conviction of a crime of moral turpitude, it is bound by Section 5(a)(11) of the Act, 24 P.S.2070.5(a)(11), to revoke an educators certification. Upon proof of a conviction of a crime of moral turpitude, revocation on summary judgment does not violate due process. *Kinniry v. Prof'l Standards & Practices Comm'n*, 678 A.2d 1230 (Pa.Cmwlth.1996). "A determination of whether a crime involves moral turpitude will be determined based solely upon the elements of the crime. The underlying facts or details of an individual criminal charge, indictment or conviction are not relevant to the issue of moral turpitude." 22 Pa.Code § 237.9(b).

Teacher does not dispute the Commonwealth has a valid interest in removing teachers from the classroom when they

2. Our review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Petron v. Dep't of Educ.*, 726 A.2d 1091 (Pa.Cmwlth. 1999).

3. Act of December 12, 1973, P.L. 397 *as amended*, 24 PS. §§ 2070.1–2070.18a.

4. In addition to revoking the certification of educators convicted of crimes involving moral turpitude, the Commission has the authority "[t]o discipline any professional educator or charter school staff member found guilty *upon hearings before the commission* of immorality, incompetency [sic], intemperance, cruelty or negligence...." 24 P.S. § 2070.5(a)(11) (emphasis added).

constitute a threat to the health, safety, or welfare of students and faculty. Rather, he argues simple assault is not necessarily a crime involving moral turpitude and the Commission cannot revoke his certification on summary judgment.[5]

### MORAL TURPITUDE

██ Title 22 of the Pennsylvania Code Section 237.9(a) provides that moral turpitude includes:

(1) That element of personal misconduct in the private and social duties which a person owes to his fellow human beings or to society in general, which characterizes the act done as *an act of baseness, vileness or depravity,* and contrary to the accepted and customary rule of right and duty between two human beings.

(2) *Conduct done knowingly contrary to justice, honesty or good morals.*

(3) *Intentional, knowing or reckless conduct* causing bodily injury to another or *intentional, knowing or reckless conduct* which, by physical menace, puts another in fear of imminent serious bodily injury.

22 Pa.Code § 237.9(a)(emphasis added).[6] *See Startzel v. Dep't of Educ.,* 128 Pa. Cmwlth. 110, 562 A.2d 1005 (1989)(mail fraud is a crime involving moral turpitude warranting the revocation of an educator's certification following a guilty plea). *Cf. Krystal Jeep Eagle, Inc. v. Bureau of Prof'l & Occupational Affairs,* 725 A.2d 846 (1999)(theft by deception and theft by failure to make required disposition of funds constitute crimes involving moral

turpitude for purposes of statute allowing Board of Vehicle Manufacturers, Dealers, and Salespersons to revoke vehicle dealer license); *Foose v. State Bd. of Motor Vehicle Dealers Mfr.,* 135 Pa.Cmwlth. 62, 578 A.2d 1355, 1358 (1990) (car dealers convictions for conspiracy to distribute cocaine and possession with intent to distribute were crimes involving moral turpitude within the meaning of Board of Vehicles Act disciplinary provision); *Yurick v. Dep't of State,* 43 Pa.Cmwlth. 248, 402 A.2d 290 (1979)(federal convictions for mail fraud and conspiracy to distribute and possess a controlled substance constitute crimes involving moral turpitude warranting the revocation or suspension of licenses to practice osteopathic medicine). Similar to the regulation, Black's Law Dictionary defines "moral turpitude" as:

Conduct that is contrary to justice, honesty, or morality.... 'Moral turpitude means, in general, shameful wickedness-so extreme a departure from ordinary standards of honest, good morals, justice, or ethics as to be shocking to the moral sense of the community. It has also been defined as an act of baseness, vileness, or depravity in the private and social duties which one person owes to another, or to society in general, contrary to the accepted and customary rule of right and duty between people' 50 Am.Jur.2d *Libel and Slander* § 165, at 454 (1995).

Black's Law Dictionary 1026 (7th Ed.1999).

██ Considering the Pennsylvania Code definition and the cases addressing moral turpitude in different statutory con-

---

5. A motion for summary judgment may be properly granted only in those cases where the record clearly shows there exists no outstanding issues of material fact and the moving party is entitled to judgment as a matter of law. *Gmerek v. State Ethics Comm'n,* 751 A.2d 1241 (Pa.Cmwlth.2000) *aff'd,* 569 Pa. 579, 807 A.2d 812 (2002).

6. In addition to various drug offenses, Section 237.9(c) lists 20 specific crimes that *per se* involve moral turpitude. These include homicide, rape, and aggravated assault. Simple assault is not included.

texts, we conclude a crime of moral turpitude requires a reprehensible state of mind or *mens rea.* Thus, it may be "an act of baseness, vileness, or depravity, contrary to the accepted and customary rule of right and duty between two human beings." 22 Pa.Code § 237.9(b)(1). Such an act requires at least knowledge of private impropriety or of the potential for social disruption. Also, an act of moral turpitude may consist of intentional, knowing or reckless conduct. 22 Pa.Code § 237.9(b)(2), (3). Thus, crimes involving dishonesty, such as fraud and theft by deception, and specific intent drug trafficking offenses are crimes of moral turpitude.

## SIMPLE ASSAULT

The Crimes Code, Section 2701, defines the elements of simple assault as follows:

(a) OFFENSE DEFINED.—A PERSON IS GUILTY OF ASSAULT IF HE:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

(b) GRADING.—SIMPLE ASSAULT IS A MISDEMEANOR OF THE SECOND DEGREE UNLESS COMMITTED:

(1) *in a fight or scuffle entered into by mutual consent,* in which case it is a misdemeanor of the third degree; or

(2) against a child under 12 years of age by an adult 21 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa.C.S. § 2701 (emphasis added).

## SIMPLE ASSAULT AS CRIME OF MORAL TURPITUDE

The Department presents three arguments. First, the Department argues the Pennsylvania Code definition of "moral turpitude" and the Crimes Code definition of simple assault are virtually identical. The Department emphasizes that both reference "intentional, knowing, or reckless" conduct as well as conduct which "by physical menace, puts another in fear of imminent serious bodily injury." *Compare* 18 Pa.C.S. § 2701(a) *with* 22 Pa.Code 237.9(a). Second, the Department argues simple assault falls into the first two prongs of the Pennsylvania Code definition of "moral turpitude." The Department emphasizes these subsections make no reference to "bodily injury." 22 Pa.Code 237.9(a). Third, the Department asserts the oral argument on summary judgment satisfies due process.

■■■ Simple assault can lack a reprehensible state of mind when arising in the context of a fight or scuffle by mutual consent. *See* 18 Pa.C.S. § 2701(b)(1). A fight or scuffle upon mutual consent is one in which "both of the parties engaged in the fighting mutually, both desiring to do so." Pa. SSJI (Crim) § 15.2701E. A determination that an actor engaged in a fight or scuffle by mutual consent "make[s] the assault ... a less serious offense than it might otherwise have been." *Id.* While not supportive of a peaceful society, the mutuality of the undertaking moderates the opprobrium attached to the act. So, in

*Commonwealth v. Coleman*, 344 Pa.Super. 481, 496 A.2d 1207 (1985), where the defendant was deprived of a claim of self-defense because he used excessive force, he was entitled to a "mutual consent" instruction, and his simple assault conviction was vacated.

Also, the "mutual consent" type of simple assault is treated differently for sentencing purposes, further reflecting the less serious nature of the offense. Unlike other forms of simple assault, it is a third-degree misdemeanor carrying a maximum sentence of one-year imprisonment. 18 Pa.C.S. 2701(b)(1), 1104(3). It carries the lowest offense gravity score provided by the sentencing guidelines. 204 Pa.Code § 303.15.

 Many manifestations of simple assault, including spousal battery, are abhorrent. However, because someone may be convicted of simple assault in the context of a "scuffle entered into by mutual consent," the elements of the crime do not necessarily satisfy the definition of moral turpitude set forth in the regulations. The Commission's contrary conclusion was erroneous.[7]

 "While we recognize the importance of the [Commonwealth's] interest in preserving the integrity of its teaching staff and profession, we cannot ignore the rights of individual teachers." *Petron*, 726 A.2d at 1094. This Court does not question the authority of the Commission to discipline a teacher convicted of a crime of moral turpitude. However, because simple assault is not necessarily such a crime, the Commission erred in granting judgment without a hearing. A material issue

exists as to whether Teacher pled guilty to facts involving moral turpitude, an issue unresolved by reference only to the definition of the crime.

Accordingly, the Commission's order granting summary judgment is reversed because the Department may not revoke Teacher's certification without a hearing. It is unclear whether the Department can proceed further under the notice of charges against Teacher. Neither party specifically addresses this issue. Therefore, we remand to the Commission for further proceedings, if any, consistent with this opinion.

### ORDER

AND NOW, this 8th day of January, 2004, the order of the Professional Standards and Practices Commission is reversed and this matter is remanded.

Jurisdiction relinquished.

---

7. The Department asserts this Court must give the Board's interpretation of the regulation deference. However, such deference is not warranted where the Commission's interpretation was erroneous. *See Davis v. Dep't of Pub. Welfare*, 776 A.2d 1026 (Pa.Cmwlth.2001)(deference unwarranted where agency's interpretation was unwise or erroneous), *Nolan v. Dep't of Pub. Welfare*, 673 A.2d 414 (Pa.Cmwlth.1995)(deference unwarranted where interpretation was unreasonable)