BIVINS, Appellant,

v.

OHIO STATE BOARD OF EMERGENCY MEDICAL SERVICES, Appellee.

[Cite as *Bivins v. Ohio State Bd. of Emergency Med. Servs.*, 165 Ohio App.3d 390, 2005-Ohio-5999.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–05–010.

Decided Nov. 10, 2005.

392

William H. Smith Jr., for appellant.

Jim Petro, Ohio Attorney General, and Michelle T. Sutter, Assistant Attorney General, for appellee.

———

HANDWORK, Judge.

{¶ 1} In this administrative appeal, we are asked to determine whether the Erie County Court of Common Pleas erred in affirming the revocation by the Ohio State Board of Emergency Medical Services of appellant's certificate to

practice as an emergency medical technician-paramedic ("EMT") in the state of Ohio. Appellant, Christopher O. Bivens, appeals this judgment and asserts the following assignments of error:

{¶ 2} "The trial court erred by not finding that the Ohio Board of EMT's [sic] revocation order of 10/18/99 was not supported by reliable, probative, and substantial evidence."

{¶ 3} "The trial court erred by not finding that the Ohio Board of EMT [sic] erred in finding the revocation order of 2/18/99 was not in accordance with the law."

{¶ 4} In 1998, appellant was an EMT with the city of Sandusky Fire Department. On November 19, 1998, the Erie County Grand Jury indicted appellant on two counts involving sexual activity with a minor child, specifically, a 14–year–old girl. Appellant was subsequently found guilty[1] of an amended charge of assault, a misdemeanor of the first degree. Appellant's conviction was reported to the Ohio Department of Public Safety, Division of Emergency Medical Services, by means of an anonymous telephone call. As a result, the board informed appellant that it would seek revocation of appellant's EMT certificate pursuant to R.C. Chapter 119 and Ohio Adm.Code 4765:10–03(B)(2)(c). This administrative code section authorizes the revocation of a certificate when the holder pleads guilty to or is judicially found guilty of a misdemeanor involving "moral turpitude."

{¶ 5} After holding a hearing, the administrative hearing examiner issued a report in which he recommended that appellant's certificate be revoked. Appellant filed written objections to the report; however, on August 14, 2000, the board accepted the examiner's recommendation and revoked appellant's certificate. Appellant then filed a timely notice of appeal in the Erie County Common Pleas Court. Upon a consideration of the administrative record and the parties' briefs, the common pleas court found that the board's revocation order was supported by "reliable, probative and substantial evidence" and was in accordance with the law. The court therefore affirmed the revocation order. This appeal followed.

{¶ 6} R.C. 119.12 sets forth a specific standard of review to be applied in R.C. 119.12 administrative appeals to a common pleas court. That court must affirm the decision of the administrative agency when its decision is supported by

---

1. Appellant's counsel urges that it is "obvious" that appellant entered an *Alford* guilty plea and maintained his innocence throughout the criminal proceedings. Counsel apparently believes that this alleged fact should have some bearing on the instant administrative proceedings. First, there is no evidence in the record of this cause to show that appellant entered an *Alford* guilty plea. Second, it is the finding of guilty, not the plea, that is the basis of review by the board. *Jaros v. Ohio State Bd. of Emergency Med. Serv.*, 6th Dist. No. L–01–1422, 2002-Ohio-2363, 2002 WL 1065876, at ¶ 21, fn. 1.

reliable, probative, and substantial evidence and is in accordance with law. Id. See, also, *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 407 N.E.2d 1265. "Reliable evidence" is evidence that is dependable and has a reasonable probability that it is true. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. To be probative, the evidence must be relevant in determining the issue. Id. Evidence with some weight, that is, having importance and value, is substantial evidence. Id. A common pleas court may engage in a limited weighing of the evidence and may evaluate the credibility of witnesses when determining whether an administrative decision was supported by reliable, probative, and substantial evidence. *Conrad,* 63 Ohio St.2d at 111, 407 N.E.2d 1265. Nonetheless, a common pleas court must give due deference to the "administrative resolution of evidentiary conflicts." Id.

{¶ 7} Our standard of review is more limited in that we can determine only whether the common pleas court abused its discretion in finding that the decision of the administrative agency is supported by the requisite evidence. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. However, our review of whether the board's order is in accordance with the law is plenary. Id. *Webb v. State Med. Bd. of Ohio* (2001), 146 Ohio App.3d 621, 767 N.E.2d 782, at ¶ 2, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.

{¶ 8} Because it involves a matter of law and its disposition affects our determination of appellant's first assignment of error, we will initially address appellant's second assignment of error. In that assignment, appellant contends that a guilty finding on a misdemeanor charge of assault is not a guilty finding on a misdemeanor involving moral turpitude.

{¶ 9} "Moral turpitude" is defined in the Ohio Administrative Code as "the act of baseness, vileness, or the depravity in private and social duties which one owes to society, contrary to accepted and customary rule of right and duty between human beings." Ohio Adm.Code 4765:1–01(R). "Moral turpitude" also means an " '[a]ct or behavior that gravely violates moral sentiment or accepted standards of [the] community and is a morally culpable quality held to be present in some criminal offenses as distinguished from others.' " *Davidson, D.P.M. v. State Med. Bd. of Ohio* (May 7, 1998), 10th Dist. No. 97APE08–1036, 1998 WL 226436, quoting Black's Law Dictionary (6 Ed.1991) 698.

{¶ 10} The elements of assault, as found in R.C. 2903.13(A), are knowingly causing or attempting to cause physical harm to another. Based upon these elements, appellant maintains that assault is clearly an offense involving violence and does not involve baseness, vileness, or depravity in violation of accepted, customary rights and duties of human beings. In other words, appellant asserts,

as did an opinion rendered by an Erie County prosecutor, that knowingly causing physical harm to another is insufficiently base, vile, or depraved, in and of itself, to violate societal customs and mores. Appellant therefore maintains that the hearing examiner exceeded his authority by not following the opinion[2] of the prosecutor and by looking at the facts leading to the charges made against him. We disagree.

{¶ 11} Case law suggests that appellant is correct to a certain extent, especially in those instances in which the criminal offense, for example, rape, involves moral turpitude as a matter of law. *In re Jacoby* (1943), 74 Ohio App. 147, 157, 29 O.O. 305, 57 N.E.2d 932. Similarly, there are certain misdemeanors that may not involve moral turpitude as a matter of law. Id. Nonetheless, there are situations in which an investigation into the circumstances underlying the offense is permitted. Id. at 158, 29 O.O. 305, 57 N.E.2d 932. See, also, *Holycross v. State Bd. of Emergency Med. Servs.*, 163 Ohio App.3d 213, 2005-Ohio-4598, 837 N.E.2d 423 (examining the underlying facts of an EMT's criminal case to determine whether his convictions for telephone harassment, attempted telecommunications harassment, and criminal trespass were offenses that involved moral turpitude). We therefore conclude that when, as in the case of assault, a misdemeanor conviction cannot be determined as a matter of law to involve or not to involve moral turpitude, it is permissible to consider the circumstances underlying the offense for which an EMT was convicted.

{¶ 12} The Pennsylvania case, *Bowalick v. Pennsylvania* (Pa.2004), 840 A.2d 519, cited by appellant as standing for the opposite view, actually supports our conclusion. In *Bowalick*, a teacher was arrested as a result of a domestic dispute with his wife. Id. at 521. He pleaded guilty to simple assault, as defined in the Pennsylvania criminal code. Id. The Pennsylvania Board of Education subsequently sought revocation of the teacher's teaching certificate, claiming that assault was a crime involving moral turpitude. Id. The teacher argued that his wife pressed charges against him to gain an advantage in their divorce proceeding. Id. at 521–522. The Pennsylvania Education Commission granted summary judgment to the Department of Education, finding that simple assault is a crime involving moral turpitude[3] as a matter of law. Id. at 522. The court reversed this decision and remanded the case, holding:

---

**2.** An opinion of a prosecutor is not binding law; thus, the hearing examiner, the board, the common pleas court, and this court are not required to follow that opinion. The same is true of an arbitrator's report that was made after the Sandusky Fire Department discharged appellant in 1999 and that required the department to reinstate him, in which the arbitrator opined that the offense of assault is not an offense involving moral turpitude.

**3.** The meaning attributed to "moral turpitude" by the Pennsylvania court is the same as Ohio's definition. See *Bowalick*, 840 A.2d at 523.

{¶ 13} "This Court does not question the authority of the Commission to discipline a teacher convicted of a crime of moral turpitude. However, because simple assault is not necessarily such a crime, the Commission erred in granting judgment without a hearing. A material issue exists as to whether Teacher pled guilty to facts involving moral turpitude, an issue unresolved by reference only to the definition of the crime." Id. at 525.

{¶ 14} Clearly, the decision of the *Bowalick* court is consistent with our holding in the instant case. Therefore, appellant's second assignment of error is found not well taken.

{¶ 15} In his first assignment of error, appellant contends (1) that the board lacked subject-matter jurisdiction because the complaint concerning his conviction was not made to the board in writing, (2) that his due process rights were violated because the administrative hearing order denied his motion on the day of the hearing for a continuance for the purpose of engaging the services of an attorney, and (3) that the common pleas court's judgment is not supported by reliable, probative, and substantial evidence. Presumably in support of his third argument, appellant asserts that the administrative hearing examiner relied on hearsay evidence in making his recommendation, that the examiner did not consider an arbitrator's report, and that the examiner was not consistent in the way in which he managed this case, because he refused to consider appellant's unsworn statements and appeared "to take sides."

{¶ 16} We will first address the issue of lack of subject-matter jurisdiction. Under R.C. 4765.10(A)(1), the board has the authority to administer and enforce the statutory provisions (and rules promulgated by the board) that govern emergency medical services. R.C. 4765.10(B)(1) expressly confers subject-matter jurisdiction on the board to investigate complaints concerning any violations of the statutes and rules related to those emergency medical services. Thus, the question before us is not whether the board had subject matter jurisdiction over this case. Rather, the issue is whether the board properly exercised that jurisdiction. See *State ex rel. Haussler v. Walker*, 12th Dist. No. CA2002–01–004, 2002-Ohio-3882, 2002 WL 1310415, at ¶ 9–11.

{¶ 17} The jurisdiction of the board may be invoked in more than one manner. An emergency medical services organization may receive and review a complaint involving emergency medical services. Ohio Adm.Code 4765:10–02(A)(1). If the complaint is made against an individual, the organization is required to provide notice to the individual and allow him or her an opportunity to respond. Ohio Adm.Code 4765:10–01(A)(2). The organization is then required to refer the matter to the board. Ohio Adm.Code 4765:10–01(A)(4).

{¶ 18} The "division"[4] is also authorized to receive all complaints "as well as any evidence that appears to show that any person has violated any provision of R.C. 4765 or Ohio Adm.Code 4765:1 to Ohio Adm.Code 4765:19. Ohio Adm.Code 4765:10–02(A)." Finally, "[a]ny person" may report, in a signed writing, any information that this person may have that appears to show a violation of those statutory and administrative code sections. Ohio Adm.Code 4765:10–02(A)(1). Thus, in reading all of the cited provisions together, it is clear that a writing is only one method, rather than the only method, that may be employed to inform the board of a potential violation. See *Internatl. Brotherhood of Elec. Workers, Local Union No. 8 v. Vaughn Industries, Inc.*, 156 Ohio App.3d 644, 2004-Ohio-1655, 808 N.E.2d 434, at ¶ 58 (statutes and rules that relate to the same subject matter must be construed in pari materia and harmonized so as to give full effect to those statutes and regulations.). Here, the Division of Emergency Medical Services received a complaint through a telephone call. Therefore, the subject-matter jurisdiction of the board was properly invoked, and appellant's first argument is without merit.

{¶ 19} Appellant next claims that he was denied due process because the hearing examiner refused to grant his request for a continuance for the purpose of engaging the services of an attorney. The denial of a motion for a continuance of an administrative hearing is reviewed under an abuse-of-discretion standard. *Earth 'N Wood Products, Inc. v. Akron Bd. of Zoning Appeals*, 9th Dist. No. 21279, 2003-Ohio-1801, 2003 WL 1824935, at ¶ 11, citing *Coats v. Limbach* (1989), 47 Ohio St.3d 114, 116, 548 N.E.2d 917. In order to abuse this discretion, a hearing examiner's attitude in reaching a decision to deny a motion for a continuance must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. "[N]ot every denial of a request for more time violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921.

{¶ 20} In the case sub judice, appellant was notified by an amended notice dated October 18, 1999, of the alleged violation, of his right to an administrative hearing, and of his right to be represented by counsel at that hearing, if he so desired.[5] On October 20, 1999, appellant requested a hearing. The hearing was initially scheduled to be held in November 1999 but was postponed indefinitely. On April 1, 2000, appellant was notified that the hearing would be held on April

---

4. "Division" is defined as "the division of emergency medical services within the department of public safety." Ohio Adm.Code 4765:1–01(G).

5. In this civil action, appellant did not have constitutional right to appointed counsel; neither R.C. Chapter 119 or 4765 nor the administrative code confers this right.

20, 2000. Appellant waited until the commencement of the hearing on April 20, 2000, to inform the hearing examiner that he would like to be represented by the same attorney who had defended him in his criminal trial. As can be readily ascertained, appellant had several months in which to contact his defense attorney or, for that matter, another attorney, in order to prepare for the administrative hearing. Accordingly, the hearing examiner did not abuse his discretion in denying appellant's motion for a continuance.

{¶ 21} Appellant asserts that the hearing examiner "relied heavily" on three levels of hearsay, in making his report and recommendation. Appellant apparently argues that this hearsay occurred in a report filed by the board's "investigator," Douglas E. Brown, the compliance examiner who investigated appellant's alleged violation of the administrative code. We have thoroughly searched the record of this cause and cannot find a report authored by Brown. However, the hearing examiner did file a report in which he relied upon hearsay adduced at the administrative hearing in making his recommendation. Nevertheless, the admission of this hearsay evidence is not reversible error.

{¶ 22} Statements that "might constitute inadmissible hearsay where stringent rules of evidence are followed must be taken into account in [administrative] proceedings * * * where relaxed rules of evidence are applied." *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 44, 23 O.O.3d 57, 430 N.E.2d 468. In other words, hearsay is permitted in administrative hearings, but the " 'discretion to consider hearsay evidence cannot be exercised in an arbitrary manner.' " *Fox v. Parma Community Gen. Hosp.*, 160 Ohio App.3d 409, 2005-Ohio-1665, 827 N.E.2d 787, at ¶ 59, quoting *Menon v. Stouder Mem. Hosp.* (Feb. 21, 1997), 2d Dist. No. 96–CA–27, 1997 WL 71778.

{¶ 23} In the present case, the hearing examiner heard testimony from Detective Helen Prosowski and Captain Charles Sams of the Sandusky Police Department. This testimony included the statements made by the alleged victim and her mother during appellant's criminal case. Because this testimony was necessary to determine whether appellant had been found guilty of a crime involving moral turpitude, the hearing examiner did not act in an arbitrary manner in admitting this evidence.

{¶ 24} Appellant also complains that the hearing examiner belatedly informed appellant that any prior exculpatory statements he made during the hearing were not evidence because they were not given under oath. Appellant neglects to mention, however, that the hearing examiner gave appellant ample opportunity to give these statements while under oath, and appellant declined to do so. Consequently, error, if any, on the part of the hearing examiner in failing to consider appellant's statements was invited error. See *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 520–521, 700 N.E.2d 1256.

{¶ 25} Finally, the common pleas court did not abuse its discretion in finding that the board's decision was supported by substantial, probative, and reliable evidence. The following relevant facts were offered at the administrative hearing.

{¶ 26} Detective Prosowski testified that when she interviewed the victim, she learned that, on the day in question, appellant went to the victim's home looking for the victim's mother, who was supposedly appellant's friend. While there he touched the girl's breasts and "did a digital penetration with his finger to the vaginal area." He then asked the victim to "perform oral sex on him." The victim refused, and appellant left the residence. However, he called the victim on the telephone about 45 minutes later. Appellant provided the victim with his pager number and told her that if she changed her mind about having sex with him, she should page him. According to the victim, appellant also said that he would pay her for her services.

{¶ 27} Captain Sams testified that after Prosowski interviewed the victim, the police, with the victim's assistance, paged appellant. Appellant immediately telephoned and agreed to meet her at a convenience store. The police went to the convenience store, where they confronted appellant. Appellant initially stated that while he was in her mother's home, the victim must have taken his pager number without his knowledge. He later changed this version of the facts and told the police that his pager had been stolen, that the thief (presumably the victim) paged him, and that they agreed to meet at the convenience store for the purpose of returning the pager. He also claimed that the girl's mother had told him that the victim was a "bad girl."

{¶ 28} It is obvious from the foregoing testimony that, in this particular case, the finding of guilty on a charge of assault constitutes a violation of Ohio Adm.Code 4765:10–03(B)(2)(c). Thus, we cannot say that the common pleas court abused its discretion in determining that the revocation of appellant's EMT certificate is supported by substantial, probative, and reliable evidence. Therefore, appellant's first assignment of error is found not well taken.

{¶ 29} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment affirmed.

SINGER, P.J., and SKOW, J., concur.