OPINION
{¶ 1} Appellant, John Michael Lonergan, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of the appellee, State Medical Board of Ohio ("board"), permanently revoking his medical license. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant was licensed to practice medicine in Ohio. However, in 2004, appellant was convicted of eight felonies in the United States District Court for the Northern District of Ohio. Two of those convictions, mail fraud and health care fraud, arose directly out of appellant's medical practice. Specifically, appellant engaged in a scheme to defraud Medicare and Medicaid by billing for services that were either not rendered or were not eligible for payment. The other felonies involved appellant's income taxes. On August 12, 2004, appellant was sentenced to 24 months in federal prison.
 {¶ 3} On September 8, 2004, the board mailed appellant a notice of opportunity for hearing ("Notice"). In the Notice, the board informed appellant that it intended to sanction his medical license as a result of his criminal convictions in accordance with R.C. 4731.22(B)(9). The Notice further informed appellant that he was entitled to a hearing in this matter and that if he desired a hearing, he had to request one within 30 days. By letter dated September 16, 2004, appellant requested a hearing concerning his medical license. The board scheduled a hearing for November 16, 2004. At that hearing, appellant's son appeared and requested a continuance of the hearing, informing the board that his father was now incarcerated and was unable to appear at the hearing or consult with an attorney. Without objection, the board continued the hearing until December 23, 2004.
 {¶ 4} An attorney tentatively representing appellant filed a request for continuance on December 14, 2004 because he had only recently been contacted by appellant's family and was not able to prepare for the hearing. Without objection, the board continued the hearing until April 18, 2005. On April 4, 2005, appellant's attorney requested another continuance, this time claiming that he had been unable to prepare for the hearing because he could not communicate with appellant due to his incarceration. The board, over the state's objection, granted appellant's request, but notified the parties that no further continuances would be allowed on the basis that additional time was needed to prepare a defense. A hearing was scheduled for June 22, 2005.
 {¶ 5} On June 3, 2005, appellant's attorney again filed a motion to continue the scheduled hearing. His attorney again claimed that he had been unable to communicate with appellant to prepare a defense and asserted that appellant's participation at the hearing was essential. The board denied appellant's request, noting that it had already warned the parties that no further continuances would be granted for additional time to prepare and that the hearing would not be postponed until appellant's release from prison. Accordingly, on June 22, 2005, the board held a hearing concerning appellant's medical license. Appellant's attorney did not appear at the hearing. The board admitted as evidence a five-page letter appellant wrote to explain the facts underlying his convictions. After the hearing, the board permanently revoked appellant's medical license.
 {¶ 6} Appellant appealed the board's revocation of his license to the Franklin County Court of Common Pleas, which affirmed the board's decision. Appellant now appeals to this court and assigns the following error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IN ACCORDANCE WITH LAW.
 {¶ 7} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. StateBd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675,680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 8} In his sole assignment of error, appellant contends that the board violated his due process rights when it denied his June 3, 2005 motion for a continuance and proceeded with a hearing in his absence. We disagree.
 {¶ 9} Due process rights guaranteed by the United States and Ohio Constitutions apply in administrative proceedings. Urban v. State Med.Bd. of Ohio, Franklin App. No. 03AP-426, 2004-Ohio-104, at ¶ 25. The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard. Korn v. Ohio State Med. Bd. (1988),61 Ohio App.3d 677, 684. Due process requires that an individual be given an opportunity for a hearing before being deprived of a significant property interest. Id.; Doriott v. State Med. Bd. ofOhio, Franklin App. No. 05AP-1079, 2006-Ohio-2171, at ¶ 10.
 {¶ 10} Due process does not guarantee appellant his physical presence at hearings in civil actions. See Shepard Grain Co. v. Creager,160 Ohio App.3d 377, 2005-Ohio-1717, at ¶ 17, citing Mancino v. Lakewood (1987),36 Ohio App.3d 219, 221. An incarcerated person does not have an absolute right to be present in a civil action such as an administrative hearing. Id., citing Kampfer v. Donnalley (1998), 125 Ohio App.3d 359,363; see, also, Reed v. Ohio State Med. Bd. (1988), 40 Ohio App.3d. 124, 126 (no violation of constitutional rights where board proceeded with hearing in physician's absence). Thus, the board satisfies appellant's due process rights by providing him with an opportunity to be heard.[1]
 {¶ 11} The board provided appellant an opportunity to be heard in this matter. The board held a hearing concerning his medical license. In lieu of his presence at the hearing, appellant provided his position to the board in writing as permitted by Ohio Adm. Code 4731-13-01 (E). Appellant also could have submitted depositions of prospective witnesses, including himself, at the hearing in lieu of live testimony. Ohio Adm. Code 4731-13-20. Appellant's attorney also could have appeared at the hearing and presented arguments in support of his client's position. Appellant failed to take either of these steps and instead rested on his letter to the board. The board satisfied due process by providing appellant with an opportunity to be heard; appellant submitted a letter on his behalf but failed to take advantage of the other procedures available to him to present his case. See Jones v. Bowens, Ashtabula App. No. 2002-A-0034, 2003-Ohio-5224, at ¶ 22 (finding no due process violation where incarcerated father failed to take steps to take advantage of opportunity for hearing concerning child support obligations).
 {¶ 12} Appellant also argues that the board's denial of his June 3, 2005 motion for a continuance was an abuse of discretion. We disagree. An administrative agency's decision regarding a motion for continuance is within the sound discretion of the agency. F F, Inc. of Cincinnativ. Ohio Liquor Control Comm., Franklin App. No. 03AP-914,2004-Ohio-5259, at ¶ 17; Bivins v. Bd. of Emergency Med. Servs.,165 Ohio App.3d 390, 2005-Ohio-5999, at ¶ 19. Thus, a decision denying a motion for continuance will not be reversed absent an abuse of discretion. F F, Inc. An abuse of discretion connotes more than an error of law or judgment, it implies that the agency's attitude is unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In State v. Unger (1981), 67 Ohio St.2d 65, the court identified certain factors that should be considered in determining whether a continuance is appropriate. These factors are:
 The length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68; F F, Inc. at ¶ 18.
 {¶ 14} Applying these factors to the present case, we note that appellant, in essence, requested a continuance until his release from prison. Appellant, however, does not have an absolute right to be present at the board's hearing, and the board is entitled to timely move forward with its cases to effectively manage its docket. The board had previously granted appellant three continuances, totaling more than seven months, of the hearing originally scheduled for November 14, 2004. The continuances were granted to allow appellant additional time to retain counsel and to allow counsel time to prepare for the hearing. Appellant's counsel had more than adequate time to prepare for the hearing. The board did not abuse its discretion when it denied appellant's June 3, 2005 request for continuance.
 {¶ 15} Appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and TRAVIS, JJ., concur.
[1] Appellant does not contest the sufficiency of the board's notice in this case.