OPINION
{¶ 1} Elizabeth Doriott, D.O., appellant, appeals from a September 12, 2005 judgment of the Franklin County Court of Common Pleas affirming the order of the State Medical Board of Ohio ("board"), appellee, in which the board indefinitely suspended appellant's medical license.
 {¶ 2} The current investigation into appellant's medical practice was prompted by a patient's complaint to the board that appellant's office behavior had been "off the wall" over the last few years. The patient observed appellant cursing at an employee and threatening to terminate an employee if the employee did not fill a prescription on appellant's behalf. The patient also believed appellant had been impaired during some of her office visits and witnessed appellant consuming pills. Two employees for appellant also told the board that appellant ordered them to fill prescriptions written for them and return the medications to her, with appellant paying the costs of the prescriptions. Appellant told the employees the medications were for family members and included Vicodin, Adderall, Valium, Xanax, and Percocet. Other employees reported appellant exhibited turbulent behavior.
 {¶ 3} An investigator for the board interviewed appellant on March 29, 2004. Appellant admitted she shared prescriptions with her employees to combat anxiety and stress. On June 1, 2004, a Warren County Grand Jury indicted appellant on 11 felony counts of deception to obtain a dangerous drug. The indictment was dismissed in October 2004, based upon prosecutorial misconduct. On November 1, 2004, a Warren County Grand Jury indicted appellant on the same felonies outlined in the June 2004 indictment.
 {¶ 4} The board apparently served appellant with a first set of interrogatories, which sought information for its investigation. On November 5, 2004, appellant's counsel informed the board via e-mail that, based upon the pending criminal matter, she was not "at liberty" to provide responses to the interrogatories, but she would fully cooperate with the board's investigation after the resolution of the criminal matter. The board responded that appellant was legally obligated to respond to the interrogatories and could assert objections to any interrogatories she believed related to the criminal charges.
 {¶ 5} On November 18, 2004, the board served appellant with a second set of interrogatories that were identical to the first set. Appellant submitted no formal response. On January 20, 2005, the board ordered appellant to undergo a three-day inpatient evaluation on February 7, 2005, pursuant to R.C. 4731.22(B)(26), which mandates physicians in Ohio submit to a mental or physical examination when the board has reason to believe that the physician is impaired in his/her ability to practice medicine. The order informed appellant that failure to submit to the evaluation would constitute an admission to the allegations against her and that a default and final order could be entered thereafter without the taking of testimony or presentation of evidence.
 {¶ 6} On February 4, 2005, appellant's counsel informed the board again, via e-mail, that appellant was not at liberty to submit to an examination or provide responses to the interrogatories due to the continuing criminal charges. Appellant failed to appear for the inpatient examination on February 7, 2005.
 {¶ 7} In a February 9, 2005 order, the board found appellant, based upon her failure to appear for the examination, to be an impaired physician and indefinitely suspended her license. Appellant appealed the board's order to the Franklin County Court of Common Pleas. On September 12, 2005, the court affirmed the board's order. On September 14, 2005, a federal court dismissed appellant's second indictment based upon double jeopardy. Appellant appeals the court's judgment, asserting the following assignment of error:
[T]he Trial Court Erred to the Prejudice of Appellant in Affirming the State Medical Board's Suspension.
 {¶ 8} Appellant argues in her assignment of error that the trial court erred in affirming the board's suspension. In an appeal from a board order, a reviewing court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621; R.C. 119.12. Reliable, probative, and substantial evidence has been defined as follows:
* * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.) Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 9} However, an appellate court's review is even more limited than that of the trial court. Pons, at 621. While it is incumbent on the trial court to examine the evidence, the appellate court is to determine only if the trial court abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Id. Instead, the appellate court must affirm the trial court's judgment. Id.
In Pons, at 621-622, the Ohio Supreme Court held:
Moreover, when reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession. The policy reason for this was noted in Arlen v. State (1980),61 Ohio St. 2d 168, * * *: "` * * * The purpose of the General Assembly in providing for administrative hearings in particular fields was to facilitate such matters by placing the decision on facts with boards or commissions composed of [people] equipped with the necessary knowledge and experience pertaining to a particular field. * * *'" (Quoting Farrand v. State Med. Bd. [1949],151 Ohio St. 222, 224 * * *.)
Therefore, absent an abuse of discretion by the trial court, this court must affirm the trial court's judgment. On questions of law, however, the common pleas court does not exercise discretion and our review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 10} In the present case, appellant argues that the board's order violated her due process rights in three regards. Appellant first contends the board's failure to provide either a pre- or post-decision hearing violated her due process rights. "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." Korn v. OhioState Med. Bd. (1988), 61 Ohio App.3d 677, 684. Due process requires that an individual be given an opportunity for a hearing before being deprived of a significant property interest. Id. The type of hearing necessary is determined by balancing the government interest against the private interest. Id. Typically, hearings need not be elaborate, and in an administrative action, a full evidentiary hearing is generally not required. Id. at 685.
 {¶ 11} Here, the board indefinitely suspended appellant's medical license based upon R.C. 4731.22(B)(26), which provides, in pertinent part:
(B) The board, by an affirmative vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
* * *
(26) Impairment of ability to practice according to acceptable and prevailing standards of care because of habitual or excessive use or abuse of drugs, alcohol, or other substances that impair ability to practice.
For the purposes of this division, any individual authorized to practice by this chapter accepts the privilege of practicing in this state subject to supervision by the board. By filing an application for or holding a certificate to practice under this chapter, an individual shall be deemed to have given consent to submit to a mental or physical examination when ordered to do so by the board in writing, and to have waived all objections to the admissibility of testimony or examination reports that constitute privileged communications.
If it has reason to believe that any individual authorized to practice by this chapter or any applicant for certification to practice suffers such impairment, the board may compel the individual to submit to a mental or physical examination, or both. The expense of the examination is the responsibility of the individual compelled to be examined. Any mental or physical examination required under this division shall be undertaken by a treatment provider or physician who is qualified to conduct the examination and who is chosen by the board.
Failure to submit to a mental or physical examination ordered by the board constitutes an admission of the allegations against the individual unless the failure is due to circumstances beyond the individual's control, and a default and final order may be entered without the taking of testimony or presentation of evidence. If the board determines that the individual's ability to practice is impaired, the board shall suspend the individual's certificate or deny the individual's application and shall require the individual, as a condition for initial, continued, reinstated, or renewed certification to practice, to submit to treatment.
Appellant maintains R.C. 4731.22(B)(26)'s authorization to suspend a license without a hearing must be read in pari material with R.C. 119.07, which provides, in pertinent part:
When a statute specifically permits the suspension of a license without a prior hearing, notice of the agency's order shall be sent to the party by registered mail, return receipt requested, not later than the business day next succeeding such order. The notice shall state the reasons for the agency's action, cite the law or rule directly involved, and state that the party will be afforded a hearing if he requests it within thirty days of the time of mailing the notice. A copy of the notice shall be mailed to attorneys or other representatives of record representing the party.
Therefore, appellant contends, if R.C. 4731.22(B)(26) is not read as being subject to the due process requirements of R.C.119.07, it is unconstitutional under the due process clauses of the federal and state constitutions. Appellant asserts the board's failure to provide her with notice of her right to a pre- or post-decision hearing rendered the order void.
 {¶ 12} We agree with appellant's reading of R.C. 119.07, as it relates to R.C. 4731.22(B)(26). R.C. 119.07 appears to contemplate the precise circumstances provided in R.C.4731.22(B)(26). R.C. 119.07 applies when a statute "specifically permits the suspension of a license without a prior hearing." R.C. 4731.22(B)(26) is clearly such a statute, as it permits a default and final order "without the taking of testimony or presentation of evidence" if the individual fails to submit to a mental or physical examination ordered by the board. When a statute permits suspension of a license without a prior hearing, R.C. 119.07 then requires that notice of the agency's order must "state that the party will be afforded a hearing if he requests it within thirty days of the time of mailing the notice." Thus, although R.C. 4731.22(B)(26) does not provide for such notice of hearing, R.C. 119.07 may only be read to require one. In the present case, appellant was not given a notice of the board's order stating that she would be afforded a hearing if she requested one within 30 days of the mailing of the notice. Therefore, we find, pursuant to the clear mandate in R.C. 119.07, the board was required to give notice to appellant that she would be afforded a hearing upon request. Its failure to do so constitutes reversible error.
 {¶ 13} We also note that R.C. 4731.22(G) provides that, if the board suspends the license of an individual who has violated R.C. 4731.22(B), without a prior hearing, the board must:
* * * [I]ssue a written order of suspension by certified mail or in person in accordance with section 119.07 of the Revised Code. The order shall not be subject to suspension by the court during pendency of any appeal filed under section 119.12 of the Revised Code. If the individual subject to the summary suspension requests an adjudicatory hearing by the board, the date set for the hearing shall be within fifteen days, but not earlier than seven days, after the individual requests the hearing, unless otherwise agreed to by both the board and the individual.
Thus, R.C. 4731.22(G) requires that the written order be in accordance with R.C. 119.07 and also contemplates that the individual subject to the summary suspension may request "an adjudicatory hearing by the board[.]" As appellant was not issued an order compliant with R.C. 119.07, and was not given the opportunity to request an adjudicatory hearing, the board's actions in the present case also violated R.C. 4731.22(G).
 {¶ 14} For these reasons, we find appellant's due process rights were violated by the procedure used by the board to suspend her license. Appellant never had an opportunity for a hearing on her summary license suspension, in contravention of R.C. 119.07. Therefore, we find appellant's argument, in this respect, well-taken.
 {¶ 15} Appellant presents two additional arguments. She contends the board's decision was not based upon reliable, probative, and substantial evidence because it was based upon hearsay allegations. She also asserts the board's refusal to acknowledge communication with, or properly correspond with, her counsel violated her due process rights. However, as we have found the procedure utilized by the board violated the mandates of R.C. 119.07, we need not address these arguments.
 {¶ 16} For the above reasons, we find the board's order was not in accordance with law. Appellant's assignment of error with regard to a violation of R.C. 119.07 is sustained.
 {¶ 17} Accordingly, appellant's single assignment of error is sustained in part, the judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded to that court to issue an order remanding the matter to the board for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Klatt, P.J., and Petree, J., concur.