John's Vending Corporation *v.* Cigarette Tax Board.

Submitted on briefs November 8, 1971, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lawrence Mazer,* with him *Bogutz & Mazer* and *Norman Mittman,* for appellant.

*Edward T. Baker,* Deputy Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 16, 1971:

This is an appeal from the action of the Secretary of Revenue in revoking the wholesale cigarette dealer's license of the appellant, John's Vending Corporation.

We are here involved with the Pennsylvania Cigarette Tax Act, Act of July 22, 1970, P. L.    , No. 178, 72 P.S. §3169.101. As its name implies, this is a revenue measure, the core of which is the imposition of an excise tax upon the sale or possession of cigarettes within the Commonwealth. The tax is paid by the purchase of stamps from the Commonwealth primarily through

licensed stamping agencies. To ensure that no untaxed cigarettes should be sold or used, retailers, wholesalers and even vending machines are required to be licensed by the Department of Revenue on an annual basis. John's Vending Corporation, the holder of a wholesale license, applied for annual renewal thereof in January 1971. It made application on a form provided by the Department of Revenue. Following the spaces and boxes on the form designed to accommodate the name and address of the applicant and indication of whether the applicant is an individual, partnership, corporation or association, is the following question: "Has the APPLICANT(S) been found guilty of misdemeanor or felony, excluding traffic violations; If so list below.

| Name of Offender | Offender | |
| --- | --- | --- |
| Court | Date | Location |

John's Vending Corporation supplied no information in this space. Elsewhere on the form, however, at a place provided, John's Vending Corporation supplied the name of its President, Raymond Martorano. A license for the year 1971 was routinely issued to the appellant.

In pursuance of a program of spot checking, the Bureau of Cigarette and Beverage Taxes of the Department of Revenue forwarded a copy of appellant's application to the State Police. That agency reported that in the United States District Court for the Eastern District of Pennsylvania, Raymond Martorano had in 1952 entered a plea of guilty to possessing and transporting unstamped liquor and had received suspended sentences; and further, that Raymond Martorano had pled guilty in the Quarter Sessions Court of Philadelphia to selling untaxed whiskey in 1951; to unlawfully possessing and selling drugs in September 1954; and to

unlawfully possessing and selling drugs on various dates in April and May 1955. On one of these charges he was sentenced to a five year term of imprisonment and on the others placed on probation. Upon receipt of this information, the Bureau filed its complaint with the Cigarette Tax Board for a citation charging John's Vending Corporation with violation of the Pennsylvania Cigarette Tax Act of 1970. A citation duly issued from the Board charging violations of Sections 403(2) and 403(3), 72 P.S. §3169.403(2) and (3), which are as follows: "Applicants for a wholesale license or renewal thereof shall meet the following requirements: . . . (2) Said applicant is a person of reasonable financial stability and reasonable business experience. The applicant or any officer, director or shareholder controlling more than fifty percent of the stock, if the applicant is a corporation, shall not have been convicted of any crime involving moral turpitude. (3) Said applicant shall not have failed to disclose any material information required by the department." In the course of the hearing before the Cigarette Tax Board, Raymond Martorano admitted his criminal record, and that he was the owner, with his wife, of fifty percent of the stock of John's Vending Corporation but stated that he had resigned as an officer in June of 1971.

The Board concluded that the appellant had violated Sections 403(2) and 403(3) and recommended revocation of its license. The Secretary of Revenue, for the Department of Revenue, thereupon did revoke appellant's license.

Raymond Martorano was an officer of the applicant when it applied for license for the year 1971. A requirement of Section 403(2), to wit, that no officer of a corporate applicant shall have been convicted of a crime involving moral turpitude, was therefore lacking if Raymond Martorano's convictions of possessing and transporting unstamped liquor, selling untaxed liquor

and possessing and selling drugs are crimes involving moral turpitude.

Appellant first argues that the offenses of which its president was convicted were not crimes of moral turpitude within the meaning of the Cigarette Tax Act because that Act is a revenue measure; therefore, it contends, Mr. Martorano's record indicating an inclination in the past to traffic illegally in untaxed liquor and dangerous drugs would not, even if repeated, have a direct effect on the public which he would meet as a cigarette wholesaler. It thus distinguishes cases in other jurisdictions holding that violations of narcotic laws are crimes involving moral turpitude justifying revocation or suspension of physicians' licenses conferred by the state. *DuVall v. Board of Medical Examiners*, 66 P. 2d 1026 (Ariz., 1937); *Meyer v. Board of Medical Examiners*, 206 P. 2d 1085 (Calif., 1949); *Speer v. State Board of Medical Examiners*, 109 S.W. 2d 1150 (Tex. Civ. App. 1937). This argument, while ingenious, is wholly unacceptable. Moral turpitude is "[t]hat element in personal misconduct in the private and social duties which a man owes to his fellowmen, or to society in general, which characterizes the act as an act of baseness, vileness or depravity, and contrary to the accepted and customary rule of right and duty between man and man." *Ballentine's Law Dictionary* (Lawyers Co-Operative Publishing Company, 1930). "Moral turpitude is necessarily adaptive; for it is itself defined by the state of public morals, and thus fits the action to be at all times accommodated to the common sense of the community." *Beck v. Stitzel*, 21 Pa. 522, 524 (1853). Accepting for the moment appellant's contention that convictions should be of such crimes as might affect the applicant's conduct as a cigarette wholesaler, we are unable to conclude that Mr. Martorano's penchant in the past for engaging in unlawful sales of illegal untaxed alcohol

is irrelevant to his fitness to deal in cigarettes, the taxes upon which his fellow citizens depend for the support of their government. Further, however individuals may feel concerning the morality of personal use of drugs, the "common sense" of contemporary society is that the illegal sale of drugs is base, vile, depraved and a grave offense against public morals. Again, one formerly disposed to deal in illegal drugs is not necessarily an acceptable person to hold the state's license to sell cigarettes at wholesale when the primary purpose of the license is to ensure against untaxed sales.

The appellant further complains that the phrase "moral turpitude" is so lacking in legal precision as to constitute the grant of power to the Department to revoke licenses an unlawful delegation of legislative power. The same argument was made and rejected as to the single word "mismanagement" as a ground for impeachment of a municipal officer in *Marshall Impeachment Case*, 363 Pa. 326, 69 A. 2d 619 (1949). The term "moral turpitude" having grown in the field of libel and slander, almost exclusively cultivated by judges, it would hardly become a court to reject its use by the Legislature as lacking in meaning.[1] Other words and phrases no more exact and of less familiarity to the law have been held to provide a sufficient guide for administrative agencies in the discharge of their duties. *Pennsylvania State Board of Medical Education and Licenses v. Cornelius Thomas Ferry, M.D.*, 61 Dauphin 260 (1950) ("grossly unethical practice"); *Pennsylvania State Real Estate Commission v. Hoff*, 62 Dauphin 432 (1951) ("other like offense or offenses").

---

[1] Despite the language critical of the term "moral turpitude" as a basis for the deportation of aliens in *United States v. Zimmerman*, 71 F. Supp. 534 (E.D. Pa. 1947), the phrase is still in the statute and constantly applied. 8 U.S.C.A. 1251.

The applicant was also cited for failure to disclose material information required by the department in violation of Section 403(3) of the Cigarette Tax Law, 72 P.S. §3169.403(3). The information allegedly not supplied was the record of Raymond Martorano's convictions and the alleged occasion of the offense was the filing of the application for renewal of license. Insofar as the Board's recommendation concludes that this violation was committed, it is not supported by the facts. As the hereinbefore quoted portion of the application form shows, the information sought concerned convictions of the *applicant,* here John's Vending Corporation, not Raymond Martorano. The applicant cannot be found guilty of failing to disclose information by reason of not answering a question not asked. The provision for suspending and revoking licenses are penal and subject to strict construction. *Pennsylvania State Real Estate Commission v. Keller,* 401 Pa. 454, 165 A. 2d 79 (1960). However construed, the Department's application form discloses no inquiry concerning convictions of officers of corporate applicants.

Hence, of the two grounds for revocation found by the Board, one only is supported by substantial evidence. However, in view of the sensitive nature of the failure here to meet the statutory requirement for licensure, we are not persuaded that the order should be modified, much less set aside. *State Real Estate Commission v. Evers,* 89 Dauphin 158 (1968); *State Real Estate Commission v. Farkas,* 1 Pa. Commonwealth Ct. 134, 274 A. 2d 238 (1971).

We have carefully considered appellant's contention that it was not accorded due process because the Board conducted the hearing at the scheduled time and place although the only person who appeared for the appellant was Raymond Martorano, a former officer. It argues that the Board should have continued the hearing, although not asked to do so, because Raymond

Martorano "is not a lawyer and does not have the ability to represent the corporation." Of course the Board was not obliged to suspend its functioning in such circumstances. The record shows that the Board afforded the applicant's representative not only every right to which he and the applicant were legally entitled but also an unusual and exemplary personal consideration.

Having concluded that the adjudication was supported by substantial evidence and that the Department did not abuse the discretion vested in it in the imposition of a penalty of license revocation, we make the following:

### ORDER

AND Now this 16th day of December 1971, the appeal of John's Vending Corporation from the adjudication is dismissed and the order of the Department of Revenue revoking its wholesale cigarette dealer license is hereby affirmed.