578 A.2d 1355

Gordon FOOSE and Foose's Auto Sales, Petitioners,

v.

COMMONWEALTH of Pennsylvania, STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 6, 1990.

Decided Aug. 8, 1990.

Reargument Denied September 19, 1990.

Gregory R. Neuhauser, with him, Kevin J. McKeon, Malatesta, Hawke and McKeon, for petitioners.

Peter K. Bauer, Counsel, State. Bd. of Vehicle Mfrs., Dealers and Salespersons, with him, Joyce McKeever, Chief Counsel, Bureau of Professional and Occupational Affairs, and Pamella J. Raison, Chief Counsel, Dept. of State, for respondent.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Gordon Foose (Foose) petitions for review of an adjudication and order from the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) suspending his vehicle salesperson's and vehicle dealership licenses pursuant to Section 10(4) of the Board of Vehicles Act[1] (Act). We affirm.

Foose holds both salesperson's and dealership licenses as the owner of Foose's Auto Sales (Dealership) in Waynesboro, Pennsylvania. On December 18, 1985, Foose was named along with seven other individuals in an eighteen count federal indictment as a participant in an interstate cocaine distribution ring. On December 2, 1986, Foose was found guilty of one count of conspiracy to distribute cocaine

---

**1.** Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. § 818.10(4), relating to crimes involving moral turpitude.

in violation of 21 U.S.C. § 846 and of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

Foose was sentenced to six months in a work-release program through the Franklin County jail. In addition to the period of his imprisonment, Foose was also placed on four years probation and ordered to serve a special parole term of three years. At all relevant times herein, Foose continued to operate the Dealership.

In 1987, Foose renewed his salesperson's and dealership licenses. On the renewal applications, Foose answered "no" as to whether he had been convicted of a crime involving moral turpitude. On December 9, 1988, the Board issued an Order to Show Cause in which it alleged that Foose and the Dealership violated Section 10(4) of the Act by Foose having been convicted of crimes involving moral turpitude.

On January 5, 1989, Foose filed an answer in which he admitted his convictions, but he disputed the application of Section 10(4) of the Act, in particular, the classification of the drug convictions as crimes involving moral turpitude. A formal hearing was held before the Board on April 13, 1989. The Board issued its Adjudication and Order on July 13, 1989 concluding that it had the authority to suspend or revoke the licenses of persons found guilty of a crime involving moral turpitude and that under the circumstances in Foose's case, such violations had been proven.

Foose filed a petition for Rehearing or Reconsideration with the Board on July 31, 1989. Foose also filed a petition for review with this Court on July 13, 1989. Upon Foose's request, we issued an order granting a supersedeas on August 10, 1989. The Board denied reconsideration of its Adjudication and Order on August 18, 1989.

Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact were unsupported by substantial evidence. Section 704 of the Ad-

ministrative Agency Law, 2 Pa. C.S. § 704; *Estate of Mc-Govern v. State Employee's Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The issue before this Court is whether the Board properly characterized Foose's drug-related convictions as crimes involving moral turpitude.

The provision of the Act at issue reads as follows:

Section 10. Grounds for disciplinary proceedings

The board shall have the power to formally reprimand, suspend or revoke any licensee ...if the person ... is found guilty of ...any of the following acts:

. . . . .

(4) Being a vehicle dealer, broker or salesperson, having within three years prior to the application for or issuance of a license or while his current license is in force pleaded guilty, entered a plea of nolo contendere or been found guilty in a court of competent jurisdiction in this or any other state or Federal jurisdiction of forgery, embezzlement, obtaining money under false pretenses, extortion, conspiracy to defraud, bribery, odometer tampering *or any other crime involving moral turpitude.* (Emphasis added.)

Although the Act does not specifically define "moral turpitude," the term is capable of being defined as evidenced by court decisions which determine that certain offenses are crimes involving moral turpitude.[2] Neither this Court nor the Supreme Court has ever ruled that the term "moral turpitude" in a licensing statute is unconstitutionally vague.

The Board is empowered to interpret the intention of the legislature when the words of the Act are not explicit. Section 21(c)(8) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(c)(8). The construction of the Act given by the Board, as the one charged with its administration and execution, entitled it to great weight which should

2. *See Startzel v. Department of Education,* 128 Pa. Commonwealth Ct. 110, 562 A.2d 1005 (1989); *Yurick v. Board of Osteopathic Examiners,* 43 Pa. Commonwealth Ct. 248, 402 A.2d 290 (1979).

not be disregarded unless clearly erroneous. *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981). We may not invalidate the Board's interpretation of the Act unless it is found to be so unreasonable as to be an expression of whim instead of an exercise of judgment. *Carbon County Home for the Aged v. Department of Public Welfare,* 112 Pa. Commonwealth Ct. 583, 535 A.2d 1243 (1988), *petition for allowance of appeal denied,* 519 Pa. 661, 546 A.2d 622 (1988).

▇ The Board adopted this Court's definition of moral turpitude as "anything done knowingly contrary to justice, honesty or good morals." *Moretti v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 121, 277 A.2d 516 (1971). This Court has held that the organizing and selling of a controlled substance is an offense against public morals. *John's Vending Corporation v. Cigarette Tax Board,* 3 Pa. Commonwealth Ct. 658, 284 A.2d 834 (1971), *reversed on other grounds, Secretary of Revenue v. John's Vending Corporation,* 453 Pa. 488, 309 A.2d 358 (1973). The Board concluded that Foose's involvement in the trafficking of cocaine was contrary to the common sense of the community and thus a crime involving moral turpitude.

This Court has held that the state agencies may regulate a business which affects the public health, safety and welfare and can deprive an individual, through regulation, of his right to conduct such a business if it can be shown that such deprivation is reasonably related to the state interest sought to be protected. *See Quintana v. State Board of Osteopathic Medical Examiners,* 77 Pa. Commonwealth Ct. 438, 466 A.2d 250 (1983). The Act was created to monitor the vehicle industry for the protection of the public and to sanction licensees who do not abide by the Act. 63 P.S. § 818.4. The Board concluded that the moral turpitude provision was to insure that persons with integrity and good moral character are licensed to engage in the sale of vehicles.

Due to the nature of the vehicle sales, the public must place a significant degree of trust in the persons licensed to

operate such businesses. The dealerships are responsible for the transfer and recording of titles of the automobiles and for the forwarding of the state sales taxes. It is reasonable to expect that persons engaged in such activity possess a reasonable level of integrity and honesty.

The Board concluded that Foose's past activity of trafficking in controlled substances was relevant to his fitness to deal in vehicle sales. The Board also concluded that, even though Foose's convictions were not related to the vehicle business, the convictions greatly impaired Foose's integrity and rendered him an unacceptable person to hold licenses to deal in or to sell vehicles.

The Supreme Court has held that past convictions cannot provide a basis for a license revocation when the prior convictions do not in any way reflect upon that person's present ability to properly discharge the responsibilities required by the position. *Secretary of Revenue*, 453 Pa. 488, 309 A.2d 358 (1973). In that case, the court found a rational basis between past derelictions and a person's present ability to perform duties of a position which requires integrity, honest, and strict adherence to the law. *Id.* The rational basis exists only where those events occurred so recently that the particular character trait of the individual involved can be reasonably assumed to have remained unchanged.[3] The Board here instituted action against Foose promptly within two years of his convictions. It can be reasonably assumed that the character trait which led Foose to participate in the cocaine distribution ring has remained unchanged.

Foose also alleges that his due process rights were violated because the Board impermissibly commingled its functions. Foose contends that the violation occurred as a result of the Commissioner of Professional and Occupational Affairs (Commissioner) having issued both the Order to

---

**3.** In *Secretary of Revenue,* the court concluded that since the crimes in that particular case occurred almost twenty years previously, the convictions were of little value in predicting the future conduct of the perpetrators.

Show Cause and Adjudication and Order. Foose alleges, that through the Commissioner's actions, the Board improperly commingled its prosecutory and adjudicatory functions.

The Commissioner is authorized to perform all the powers and duties relating to professional and occupational examining boards. Section 810(a) of The Administrative Code of 1929[4] (Code). Pursuant to Section 810(a)(3) of the Code, one of the duties of the Commissioner is to issue all official documents of the various professional and occupational examining boards. 71 P.S. § 279.1(a)(3). The Commissioner is also a member of the Board. 63 P.S. § 818.3(a).

The essence of Foose's argument is that the Board is inherently prejudiced because it is the body initiating the disciplinary proceedings and then ultimately ruling upon them. We have held that a state administrative agency in performing its statutorily authorized dual function of complainant and adjudicator of the complaint is not an unfair tribunal so long as the two functions are adequately separated. *Oppenheim v. Department of State, Bureau of Professional and Occupational Affairs, State Dental Council and Examining Board*, 74 Pa. Commonwealth Ct. 200, 459 A.2d 1308 (1983); *Bruteyn v. State Dental Council & Examining Board*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). In such cases, a party claiming due process violations must show actual bias. *Id.*

Foose merely alleges that the Commissioner signed both the Order to Show Cause and the Adjudication and Order from the Board. Foose neither asserted nor presented any evidence that the Commissioner was involved in initiating the complaint or in the enforcement proceedings.[5] The Board asserts that the Commissioner, only as a pro forma matter, issued both documents pursuant to his authority granted by the Code. 71 P.S. § 279.1(a)(3). Foose failed to

4. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 279.1(a)(9).

5. The formal hearing on April 13, 1989 was before the following Board members: Edwin K. Galbreath, Jr., Chairman; Lawrence O'Connor; Richard Eastman; William Williams and Glenn Mellott. Peter K. Bauer, Esq., served as Board Counsel. David L. Callihan, Esq., prosecuted the case on behalf of the Commonwealth.

establish that the Commissioner was involved in both the prosecutorial determination of probable cause and the adjudicative determination of guilt. Foose failed to show actual bias as evidenced by his failure to establish that the two functions of the Board were not adequately separated.

Foose also asserts that the Board abused its discretion by its decision to suspend the dealer and salesperson's licenses for five years and to attach several conditions for their reinstatement. While the Commonwealth Court is required to correct abuses of discretion in manner or degree of penalties imposed, absent a manifestly unreasonable exercise of judgment, we will not substitute our discretion for that of the Board, an administrative body endowed with expertise in matters subject to its jurisdiction. *See Pastorius v. Pennsylvania Real Estate Commission,* 77 Pa. Commonwealth Ct. 642, 466 A.2d 780 (1983).

Foose contends that the Board did not consider the mitigating circumstances which would, according to him, compel imposition of a lesser sanction. We note that the weight the Board assigns to evidence offered to mitigate the severity of the penalty is a matter within its discretion. *See Shenk v. State Real Estate Commission,* 107 Pa. Commonwealth Ct. 48, 527 A.2d 629 (1987). The Board clearly considered Foose's mitigating evidence but assessed it very little weight.

The Board, mindful of its obligation to protect the public, chose to give greater weight to the seriousness of Foose's violations. Foose's actions were criminal, intentional and clearly outrageous. The Board properly concluded that it was not obligated to impose a lesser sanction or to give consideration to the federal sentence served by Foose. *Vogelman v. State Board of Funeral Directors,* 121 Pa. Commonwealth Ct. 455, 550 A.2d 1367 (1988). This Court may not substitute a lesser sanction for that of the Board's where there has been no abuse of discretion.

Accordingly, having found no violations of constitutional rights or errors of law and the necessary findings of fact

supported by substantial evidence, we hereby affirm the order of the Board.

## ORDER

AND NOW, this 8th day of August, 1990, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons is hereby affirmed.