IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carson Home Child Care, | : | |
| Petitioner | : | |
| | : | No. 1749 C.D. 2018 |
| v. | : | |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |
| | : | |
| Carson Home Child Care, | : | |
| Petitioner | : | |
| | : | No. 184 C.D. 2019 |
| v. | : | |
| | : | Submitted: September 6, 2019 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                      FILED:  December 5, 2019


Carson Home Child Care (Carson), through Imani Simelani (Simelani), petitions, *pro se*, for review of the November 26, 2018 order of the Pennsylvania Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), adopting the adjudication and recommendation of an administrative law judge

(ALJ), which denied Simelani's application for a certificate of compliance to operate a family child care facility.[1]

**Factual and Procedural Background**

On May 21, 2018, Carson, through Simelani, filed an application to operate a family child care facility with the Department's Office of Child Development and Early Learning. (Certified Record (C.R.) at 19, 240.) As part of the application process, Simelani was required to undergo a Federal Bureau of Investigation (FBI) fingerprint record check, which indicated that he had a criminal record. (C.R. at 25.) FBI records show that on January 15, 2013, Simelani was convicted in federal court on a felony charge of conspiracy to sell, distribute, or dispense narcotics and was sentenced to 39 months' imprisonment. (C.R. at 31, 149.) By letter mailed on July 25, 2018, the Department notified Simelani that it had denied his application for a certificate of compliance to operate a family child care facility. (C.R. at 129.) The Department explained that his criminal history record indicated that he pled guilty to conspiracy to distribute "crack and cocaine," a felony. *Id.* The Department determined that this felony conviction was also a crime of moral "turpitude/corruptness." *Id.* In support of its decision, the Department stated that it is permitted to deny an application if the owner/operator has been convicted of a felony or crime of moral corruptness/turpitude, citing sections 20.71(b)(1)(2) and 3290.12(d)(1)(2) of its regulations, 55 Pa. Code §20.71(b)(1)(2) and 55 Pa. Code §3290.12(d)(1)(2). *Id.*

---

[1] Simelani also separately appeals from the December 19, 2018 order denying his motion for reconsideration as untimely, asserting that the request was timely. By order of February 27, 2019, this Court consolidated both appeals and directed Simelani to address the timeliness of the motion for reconsideration in his brief.

On August 14, 2018, Simelani appealed from the Department's July 25, 2018 decision. (C.R. at 12.) In his appeal, Simelani conceded that he was indeed convicted of the charge at issue. (C.R. at 14.) The Department held a prehearing conference on October 2, 2018. (C.R. at 268.) During the conference, Simelani did not dispute his conviction. (C.R. at 276.) Nonetheless, he argued that the conviction did not prohibit him from being able to work in child care. *Id.* A subsequent hearing was scheduled to determine "whether or not the Department was correct to deny [Simelani's] application for the license based on their [sic] felony conviction. . . ." (C.R. at 278.) However, the hearing never occurred because on October 3, 2018, a Rule to Show Cause (Rule) was issued against Simelani to show why the case should not be dismissed, as it appeared that the relief sought could not be granted. (C.R. at 113.) The Rule states that section 20.71(b)(1) of the Department's regulations, 55 Pa. Code §20.71(b)(1), authorizes the Department to deny a certificate of compliance if an applicant has been convicted of a felony. *Id.* The Rule correctly points out that this fact was not disputed by Simelani. *Id.*

On November 2, 2018, Simelani filed his response to the Rule. (C.R. at 115.) Simelani raised numerous arguments in support of his claim. He alleges, *inter alia*, that his constitutional rights of due process and equal protection were violated, that the crime was not one of moral turpitude or corruptness, and that a bias against felons exists. (C.R. at 115-16.)

The Department responded on November 5, 2018, arguing that there is no material fact in dispute and, therefore, it is entitled to an order upholding its denial of the certification. (C.R. at 132.) In essence, the Department argued that because the conviction is undisputed, and its regulations permit denial of a certificate if an applicant

3

is convicted of a felony or a crime of moral turpitude, the law clearly entitled it to relief. (C.R. 133 - 35.)

On November 26, 2018, the BHA issued its final adjudication, accepting the recommendation of the ALJ, which is the subject of the instant appeal. (C.R. at 239.) The ALJ noted that section 20.71(b) of the Department's regulations, 55 Pa. Code §20.71(b), permitted the Department to deny a certificate of compliance if an owner/operator has been convicted of a felony or a crime of moral turpitude. (C.R. at 241.) The ALJ found that Simelani was undisputedly convicted of conspiracy to distribute crack or cocaine. (C.R. at 242.) Finding that this is a crime of moral turpitude, that the Department could have denied the certificate for the felony conviction alone, and that his constitutional rights were not violated, the ALJ upheld the Department's decision and recommended dismissal of the action. *Id.* On December 12, 2018, Simelani filed a request for reconsideration which was denied as untimely on December 19, 2018. (C.R. at 246-66.)

## Discussion

On appeal,[2] Simelani argues that his felony conviction was erroneously categorized as a crime of moral turpitude. We disagree.

We begin with the Department's authority to deny an applicant a certificate of compliance based on a criminal conviction. Section 20.71(b) of the Department's regulations, 55 Pa. Code §20.71(b), allows the Department to deny an applicant for certain criminal convictions and provides as follows:

---

[2] "This Court's review in an appeal from an order of [BHA] is limited to determining whether constitutional rights were violated, whether any errors of law were committed and whether any necessary factual findings are supported by substantial evidence." *Burns v. Department of Human Services*, 190 A.3d 758, 761 n.1 (Pa. Cmwlth. 2018).

(b) The Department will review and may deny, refuse to renew or revoke a certificate of compliance if a legal entity, owner, operator or staff person:

*(1) Has been convicted of a felony.*

*(2) Has been convicted of a crime involving child abuse, child neglect, moral turpitude or physical violence.*

(3) Has serious mental illness which might create a risk to the clients, which shall be determined and documented by a licensed physician or a licensed psychologist.

(4) Has evidenced drug or alcohol addiction within the past year, which shall be determined and documented by a licensed physician.

(5) Has been named as a perpetrator in an indicated or founded report of child abuse in accordance with the Child Protective Services Law [(CPSL)] ([ 23 Pa.C.S. §§ 6301– 6386]).

55 Pa. Code §20.71(b) (emphasis added).[3]  Of course, the use of the word "may" indicates that this provision is permissive, not mandatory.  Nevertheless, it is well

---

[3] The ALJ's decision states, "Further, the regulations at 55 Pa. Code § 20.71(b)(1) and 55 Pa. Code § 3290.12(d)(1) provide that the Department may deny an owner/operator a certificate of compliance if they [sic] have been convicted of a felony." (C.R. at 23.)  Although section 3290.12(d) of the Department's regulation, 55 Pa. Code §3290.12(d), relates to the renewal or revocation of a certificate of registration, our analysis is the same as section 20.71.  Section 3290.12(d) provides, in full, as follows:

(d) The Department will review and may deny, refuse to renew or revoke a certificate of registration to an operator if one or more of the following applies to an operator, staff person, volunteer or another person present at the facility while children are in care.

(1) The person is convicted of a felony.

(2) The person is convicted of a crime involving child abuse, child neglect, moral corruptness or physical violence.

within the province of the Department to refuse a certificate of compliance if an owner/operator is a convicted felon or if he has been convicted of a crime involving moral turpitude. The regulation above unequivocally grants the Department the *authority* to deny a certificate of compliance if an applicant has been convicted of a felony or a crime of moral turpitude. The authority to do so remains unquestioned by either party. Rather, Simelani questions the classification of the crime as one of moral turpitude.

Simelani does not dispute the fact that he was convicted of a felony. Significantly, on this basis alone, the Department could have rightfully denied his application under the powers granted to it in the regulations. However, he calls into question the nature of the crime as one of moral turpitude.

Simelani points out that his conviction is under "[t]itle [21,] section 841," which states as follows:

> **(a) Unlawful acts**
> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
> **(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

---

(3) The person demonstrates a mental illness which creates a risk to children that is determined and documented by a physician or CRNP.
(4) The person evidences drug or alcohol addiction within the most recent 12-month period that is determined and documented by a physician or [a Certified Nurse Practitioner] [(]CRNP[)].
(5) The person is named in accordance with the CPSL as a perpetrator in an indicated or founded report of child abuse.

55 Pa. Code § 3290.12

6

**(2)** to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. §841. However, the record clearly indicates that he was convicted of conspiracy to commit this crime. Thus, the applicable portion of the statute states as follows, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. §846. Under federal law, in order to prove a conspiracy, the government must establish the following, "(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2002). Conspiracy is a separate crime from the unlawful act conspired to commit. *U.S. v. Salahuddin*, 765 F.3d 329, 341 (3d Cir. 2014); *Commonwealth v. Hoke*, 962 A.2d 664, 667 (Pa. 2009) (citing *Commonwealth v. Miller*, 364 A.2d 886, 887 (Pa. 1976)). The underlying crime and the conspiracy are undoubtedly separate crimes. Therefore, the pertinent conviction for this Court to review is conspiracy, not distributing, manufacturing, or dispensing drugs.[4]

We turn to the definition of a crime of moral turpitude. This Court has repeatedly defined a crime of "moral turpitude" as "anything done knowingly contrary to justice, [h]onesty, or good morals." *Garner v. Bureau of Professional and Occupational Affairs, State Board of Optometry*, 97 A.3d 437, 439 (Pa. Cmwlth. 2014). A crime of moral turpitude is defined by Black's Law Dictionary as, "Conduct that is contrary to justice, honesty, or morality; esp., an act that demonstrates depravity. . . . 'moral turpitude means, in general, shameful wickedness — so extreme a departure

_____

[4] Nonetheless, in *Foose v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 578 A.2d 1355, 1358 (Pa. Cmwlth. 1990), we found that possession with the intent to distribute is also a crime of moral turpitude.

from ordinary standards of honest, good morals, justice, or ethics as to be shocking to the moral sense of the community.'" Black's Law Dictionary (11th ed. 2019). The "[d]etermination of whether a crime involves moral turpitude turns on the elements of the crime, not an independent examination of the details of the behavior underlying the crime." *Startzel v. Department of Education*, 562 A.2d 1005, 1007 (Pa. Cmwlth. 1989) (citing *Flickinger v. Department of State*, 439 A.2d 235 (Pa. Cmwlth. 1982)).

In *Foose v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 578 A.2d 1355, 1358 (Pa. Cmwlth. 1990), we found that the crime of conspiracy to distribute cocaine in violation of 21 U.S.C. §841 was correctly classified as a crime of moral turpitude. Similarly, in *Bowalick v. Commonwealth*, 840 A.2d 519 (Pa. Cmwlth. 2004), we concluded that "conspiracy to distribute and possess a controlled substance constitutes [a] crime[] involving moral turpitude." *Id.* at 523 (citing *Yurick v. Department of State, Bureau of Professional and Occupational Affairs, Board of Osteopathic Examiners*, 402 A.2d 290, 292 (Pa. Cwmlth. 1979)). Here, as in *Foose* and *Bowalick*, we must view the elements of conspiring to manufacture, distribute, or dispense drugs as contrary to "good morals." Furthermore, the elements of the crime itself, "(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal," in light of the underlying crime, would still be viewed as involving moral turpitude and honesty. *Perez*, 280 F.3d at 342.

We emphasize that Simelani does not dispute his felony conviction for conspiracy to distribute, manufacture, or dispense a controlled substance, which we have already concluded is a crime of moral turpitude. In light of this conviction, the Department was within its power to deny the certificate of compliance in accordance

8

with section 20.71(b) of its regulations, and the BHA did not err as a matter of law by upholding the Department's decision.

Although we are cognizant of the efforts by those with prior convictions to re-enter the work force, we are unable to determine that the BHA abused its discretion in affirming the denial of Simelani's application under these circumstances.

Accordingly, the November 26, 2018, and December 19, 2018 orders of the BHA are affirmed.[5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] As mentioned previously, in addition to the November 26, 2018 order, Simelani also appealed from the December 19, 2018 order denying his motion for reconsideration. *See supra* n.1. However, Simelani effectively abandoned his appeal from this order by failing to adequately address it in his brief, *see Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *Browne v. Commonwealth*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004), thereby depriving this Court with a basis to either quash or dismiss the appeal. In any event, we will briefly address this appeal on the merits. Having already determined that Simelani is not entitled to relief in the underlying appeal from the BHA's November 16, 2018 order, we similarly (and naturally) conclude that he is not entitled to relief in the appeal from the order denying reconsideration. In other words, because we have determined that Simelani is not entitled to relief under the November 26, 2018 order in which he also asked for reconsideration, we naturally conclude reconsideration of the matter by the BHA would be a nullity.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carson Home Child Care, | : | |
| Petitioner | : | |
| | : | No.  1749 C.D. 2018 |
| v. | : | |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |
| | : | |
| Carson Home Child Care, | : | |
| Petitioner | : | |
| | : | No.  184 C.D. 2019 |
| v. | : | |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

## ***ORDER***

AND NOW, this 5th day of December, 2019, the order of the Department of Human Services, Bureau of Hearings and Appeals, dated November 26, 2018 is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge