# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli,                :
          Petitioner        :
                       :
       v.                  :
                       :
Commonwealth of Pennsylvania  :
Department of Education (Division of  :
Certification Services) and      :
Alicia Steinhauer,           :   No. 354 M.D. 2022
          Respondents    :   Submitted: April 6, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: July 20, 2023

Before this Court are: (1) the Commonwealth of Pennsylvania, Department of Education, Division of Certification Services' (Department), and Alicia Steinhauer's (Steinhauer) (collectively, Respondents) Preliminary Objections to Brian Puricelli's (Petitioner) Petition for Review in the nature of a Complaint for Writ of Prohibition, Mandamus, Injunctive and Legal Relief (Complaint) filed in this Court's original jurisdiction; (2) Petitioner's Preliminary Objection[1] to Respondents' Preliminary Objections; and (3) Petitioner's Application to Strike Respondents' Brief in Support of their Preliminary Objections (Application to Strike).

---

[1] Although it contains multiple objections, Petitioner titles his Preliminary Objection in the singular.

**Facts**[2]

In or about January 2020, Petitioner voluntarily elected to retire from an active law practice. *See* Complaint ¶ 26. In or about January 2021, Petitioner retired but maintained a law license, handled pro bono cases, and completed any case that was not moved by its client in 2020, or resolved. *See* Complaint ¶ 27. In or about January 2022, Petitioner sought employment as a substitute teacher and obtained the employment at a rate of $250.00 per day. *See* Complaint ¶ 28. On or about March 26, 2022, Petitioner met the Department's requirements for certification to be employed as a substitute teacher, and passed the mandatory teaching test with an "on or about 94.3% out of 100% score." Complaint ¶ 29. The Department required Petitioner to submit an application for licensing through the Teacher Information Management System (TIMS). *See* Complaint ¶ 30. On the TIMS application there were questions about whether the applicant had any licensing complaints, criminal convictions, and any founded or unfounded child abuse complaints. *See id.* There were no questions on the TIMS application concerning whether the licensing complaint or any criminal conviction concerned child abuse. *See* Complaint ¶ 31. Petitioner was not convicted of any crime and has no child abuse complaint history; he provided clearances to the Department from the Department of Public Welfare, the Pennsylvania State Police, and the Federal Bureau of Investigation. *See* Complaint ¶ 32. All of Petitioner's clearances were issued within one year of Petitioner having completed the TIMS application. *See id.*

On or about June 6, 2022, Department employee Steinhauer sent Petitioner an email requesting additional documentation about a previous licensing complaint, which was the only licensing complaint against Petitioner in his nearly 30 years as an attorney, and it did not involve child abuse. *See* Complaint ¶ 34.

---

[2] The facts are as alleged in Petitioner's Complaint.

2

Petitioner had denied the complaint, and explained the matter to the Department upon the Department's demand for a written and signed explanation. *See* Complaint ¶ 35. Because the Department's additional information email request was vague and did not describe what was being requested, Petitioner asked the Department to be specific as to what it was requesting. *See id.* The Department replied that it often asks for additional information, but certification is not guaranteed even if the additional information is provided. *See id.* The Department referred Petitioner to its chief counsel's office. *See id.* Despite two telephone calls and emails to the Department's chief counsel's office, the chief counsel did not return Petitioner's calls or emails about the additional information request. *See id.* It stated on the TIMS application that additional information was required, however, it did not identify what specific additional information. *See id.* Rather, the TIMS application reflected that, if no document or test is indicated, then none is needed. *See id.* Yet, because Petitioner's application in TIMS requires additional documents, the application remains undecided for approval or, in turn, a denial of certification. *See id.*

On June 26, 2022, Petitioner filed the Complaint, pro se, asking this Court to

> properly reverse[], declare[] rights, and issue[] Mandamus relief and a w[r]it of Prohibition.
>
> [] [] [P]etitioner seeks for the Commonwealth Court to declare rights, [and] grant injunctive[,] equitable, and economic relief. Including to vacate the Department's adjudication and cease it and its employees' conduct, including all decision[s], and use of the TIMS questions that exceed[] Pennsylvania statutory authority and create[] records the [D]epartment maintains that deprive [l]iberty and [r]eputation rights under the law and Pennsylvania[] Constitution[,] Title IX and VII, including for gender discrimination, and the First and Fourteenth [A]mendments of the United States [(U.S)] Constitution,

3

> for equal protection, due process, free speech, and petition
> clause activity [sic].

Complaint ¶¶ 46-47.

On July 26, 2022, Respondents filed their Preliminary Objections to Petitioner's Complaint. On July 29, 2022, Petitioner filed his Preliminary Objection to Respondents' Preliminary Objections. On October 17, 2022, Respondents filed their Brief in Support of their Preliminary Objections. On October 24, 2022, Petitioner filed his Application to Strike. On November 17, 2022, Petitioner filed his Brief Opposing Respondents' Preliminary Objections and in Support of Petitioner's Preliminary Objection and Application to Strike. On November 21, 2022, Respondents filed their Answer to the Application to Strike. By December 8, 2022 Order, this Court directed that the Application to Strike be decided at the same time as Respondents' Preliminary Objections and Petitioner's Preliminary Objection to Respondents' Preliminary Objections. On December 12, 2022, Respondents filed their Brief in Opposition to Petitioner's Preliminary Objection and in Reply to Petitioner's Brief in Opposition to Respondents' Preliminary Objections.

## Discussion

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the [complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed

4

> to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

## I.     Petitioner's Preliminary Objection to Respondents' Preliminary Objections to Petitioner's Complaint

Petitioner objects to Respondents' Preliminary Objections, asserting: (1) they are replete with inaccuracies and fiction; (2) they do not conform with the rule of law or court and are legally insufficient; and (3) they contain impertinent and scandalous information or remarks. Respondents rejoin: (1) the Court need not accept Petitioner's unsupported assertions that the Department denied his application for a teaching permit because his averments directly conflict with the documents attached to the Complaint that indicate his TIMS application is open and pending; and (2) the entire basis of Petitioner's lawsuit is his refusal to provide the Department with documents regarding his professional disciplinary issues, and an update to the status of the disciplinary investigation and the suspension of Petitioner's law license investigation is not immaterial and inappropriate.

At the outset, this Court notes that because Petitioner merges his arguments regarding Respondents' Preliminary Objections to Petitioner's Complaint, Petitioner's Preliminary Objection to Respondents' Preliminary Objections, and Petitioner's Application to Strike, it is extremely difficult to decipher his specific arguments.[3] However, after reviewing Petitioner's Preliminary

---

[3] Indeed, this Court agrees with Respondents' observations that

5

Objection in conjunction with Petitioner's Brief in Support thereof, it appears Petitioner is arguing that Respondents' Preliminary Objections should be stricken because they do not conform to law and they include scandalous or impertinent matter. Specifically, Petitioner contends that because Respondents' Preliminary Objections refer to Petitioner's law license being suspended, aver that Petitioner was not denied teacher certification, reference exhaustion of remedies, and introduce state statutes which do not appear in the Complaint, the Preliminary Objections should be stricken.

### 1. **Petitioner's License Suspension**

Pennsylvania Rule of Civil Procedure 1028(a)(2) provides, in relevant part, that preliminary objections may be filed by any party to any pleading for "failure of a pleading to conform to law or rule of court[,] or inclusion of scandalous or impertinent matter[.]" Pa.R.Civ.P. 1028(a)(2). Petitioner contends that stating that his law license is suspended is scandalous and impertinent matter. Respondents rejoin that they included information regarding the suspension of Petitioner's law license in a footnote and attached the requisite Pennsylvania Supreme Court Order. Respondents did not otherwise reference the suspension and did not use it to disparage or insult Petitioner.

---

Petitioner's brief is rambling, disorganized and replete with spelling, grammar and formatting errors that make parts difficult, if not impossible, to comprehend. . . . [Petitioner] repeatedly asserts legal conclusions without citation. Indeed, [in] over 35 pages, Petitioner devotes more words to making personal attacks on counsel and baselessly alleging improprieties than to citing case[ ]law in support of his arguments.

Respondents' Reply Br. at 6 (citations omitted).

6

"To be scandalous and impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pa. v. Commonwealth*, 710 A.2d 108, 115 (Pa. Cmwlth. 1998) (*en banc*), *aff'd*, 757 A.2d 367 (Pa. 2000). In his Complaint, Petitioner expressly alleged:

> 30. [] Petitioner was required by the [D]epartment for certification [to] submit an application for licensing through TIMS. **The TIMS questions asked about any licensing complaint**, conviction of a crimes [sic] and any founded or unfounded child abuse complaint.
>
> . . . .
>
> 34. On or about June 6, 2022[,] the [D]epartment by its employee [] Steinhauer sent to [Petitioner] an email to send **additional documentation about a licensing complaint**, which complaint did not concern[] child abuse, and is the only licensing matter against the [P]etitioner in his near [30] years as an attorney. The [matter] is denied by [] Petitioner and explained to the [D]epartment upon the [D]epartment's demand for a written and signed explanation.

Complaint ¶¶ 30, 34 (emphasis added). Clearly, Petitioner's license suspension, which occurred on July 11, 2022, is material and appropriate here, as the Department's request for this information is at the heart of Petitioner's Complaint. Accordingly, this Preliminary Objection is overruled.

## 2. **Denial of Certification**

Petitioner avers that "[Respondents] add the new facts [sic], such as the certification as a substitute teacher is not denied to [Petitioner]." Petitioner's Prelim. Obj. ¶ 30. Petitioner argues that because he alleged in his Complaint that certification was denied, and Respondents did not accept this allegation as true, Respondents' Preliminary Objection does not conform to law. Respondents rejoin

that the emails attached to the Complaint evidence that Petitioner's certification was not denied.

Petitioner attached two emails to the Complaint. The first states, in relevant part: "Your application has been reviewed and **more information is needed to continue processing**. You will receive a separate email from your evaluator detailing the documentation needed. Follow the request for information in your personalized evaluation email since your coversheet may not accurately list all outstanding documentation." Complaint Attachment at 1 (emphasis added). The second email provides: "**The [Department] is in the process of reviewing your permit application and additional documentation**, **in order to continue the review**, please submit official documentation regarding the pending disciplinary matter in order to corroborate your statement of events. You may email this information to [Steinhauer]." Complaint Attachment at 2 (emphasis added). Because courts reviewing preliminary objections may also consider any documents attached to a complaint, and the Complaint attachments in this case reflect that Petitioner's certification is still being processed (i.e., has not been denied), this Preliminary Objection is overruled.

### 3. Exhaustion of Remedies

Pennsylvania Rule of Civil Procedure 1028(a)(7) provides, in relevant part, that preliminary objections may be filed for "failure to exercise or exhaust a statutory remedy[.]" Pa.R.Civ.P. 1028(a)(7). Here, Petitioner avers: "[Respondents] argue with no facts from the [C]omplaint that there are available remedies, which have not been exhausted; [Respondents] do not specifically identify what remedies exists [sic] or show factually they are available to [Petitioner]." Petitioner's Prelim. Obj. ¶ 31. Respondents rejoin that the remedies that Petitioner has failed to exhaust are not new facts, but rather a statutory appeal requirement set

8

forth in the Pennsylvania Code. *See* Section 49.66 of the Department's Regulations, 22 Pa. Code § 49.66 ("Applicants who have been denied certification may appeal for reconsideration of their case to the Department."). Because the failure to exhaust administrative remedies is a permitted preliminary objection, this Preliminary Objection is overruled.

## 4. **Statutes**

Petitioner avers: "[Respondents] by their [P]reliminary [O]bjection[s] further argue new facts that do not appear in the pleadings, such fact a statute [sic], viz 6344 b.1 [sic]." Petitioner's Prelim. Obj. ¶ 34. Respondents retort that a citation to a statute is not a new fact. Respondents allege in their Preliminary Objections:

> The process for obtaining a teaching permit or certificate is governed by a myriad of statutes and regulations designed to ensure that children are safe and individuals who have direct contact with them within a school setting are of good moral character. *See* [Section 4912 of the Department's Regulations,] 22 Pa. Code § 4912; [Section 6344 of the Child Protective Services Law,[4]] 23 Pa.C.S. § 6344; [Sections 111 to 111.1 and 1209 of the Public School Code of 1949 (School Code),[5]] 24 P.S. §§ 1-111 - 1-111.1; 12-1209. The legislature has empowered [the Department] to administer this statutory scheme, evaluate applicants, and grant or deny their applications. *See* [Sections 1.1 to 49[.]12 of the Department's Regulations,] 22 Pa. Code §§ 1.1[-]49[.]12.

Respondents' Prelim. Objs. ¶ 42. Because citations to the relevant statutes and regulations are not new facts, this Preliminary Objection is overruled.

---

[4] 23 Pa.C.S. §§ 6301-6388.

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 - 27-2702. Section 111.1 of the School Code was added by Section 1 of the Act of October 22, 2014, P.L. 2624.

## II. Petitioner's Application to Strike Respondents' Brief in Support of Their Preliminary Objections

Petitioner argues that Respondents' Brief in Support of their Preliminary Objections should be stricken for lack of service, and because it is legally insufficient as not conforming to the law, i.e., Pennsylvania Rule of Appellate Procedure (Rule) 121, and believed to include impertinent and scandalous information. Respondents rejoin that Respondents filed their Brief in Support of Preliminary Objections on October 17, 2022, and served it on Petitioner **by U.S. mail** the same day. *See* Answer to Appl. to Strike ¶ 4. Respondents further retort that, after they became aware of Petitioner's claim that he was not served, they sent additional copies to him by email and U.S. mail on October 26, 2022. *See id.*

By September 15, 2022 Order, this Court directed Respondents to file and serve a brief in support of Respondents' Preliminary Objections no later than October 17, 2022. This Court received Respondents' Brief in Support of Preliminary Objections at 11:50 a.m. on October 17, 2022. However, the accompanying Certificate of Service states that the Brief was served on Petitioner **by email**, not by U.S. mail, as Respondents asserted in their Answer to Application to Strike. *See* Cert. of Serv. filed Oct. 17, 2022. Although Petitioner argued in support of his Application to Strike in his brief, Respondents did not include any argument in response thereto in their Reply Brief. Given the discrepancy between the Certificate of Service and the Answer to the Application to Strike, and Respondents' failure to address the same in their Reply Brief, this Court is constrained to grant Petitioner's Application to Strike.[6]

---

[6] This ruling however, does not prevent this Court from reviewing Respondents' Reply Brief.

### III. Respondents' Preliminary Objections to Petitioner's Complaint

In their Preliminary Objections, Respondents allege: (1) the Department did not exceed its authority by asking about Petitioner's disciplinary complaint, as it is required by statute to evaluate teaching permit applicants for good moral character (demurrer); (2) Petitioner lacks standing and none of his claims are ripe because he has not been denied a teaching permit (demurrer); (3) a writ of mandamus or prohibition would be inappropriate as the Department has discretion to determine whether applicants possess the good moral character required for a teaching permit (demurrer); (4) Petitioner has not alleged any facts to support a claim of gender discrimination (demurrer); and (5) failure to exhaust administrative remedies. Petitioner rejoins that there is a concrete injury in fact and damages pled sufficiently to show standing. Petitioner further retorts that the clear right to mandamus relief is sufficiently pled, Respondents fail to show that the law is clear and certain, and there is no doubt that relief cannot be granted. Lastly, Petitioner asserts that Respondents completely fail the demurrer standard.

### Department's Authority - Demurrer

In his Complaint, Petitioner alleges "facial and as[-]applied challenges to [the] [D]epartment's policy, custom and practices, and the TIMS [q]uestions[.]" Complaint ¶ 12. Specifically, Petitioner claims:

> The Department's email to [Petitioner] by [] Steinhauser [sic], occurring on or about June 6, 2020[,] . . . that [] [P]etitioner is to provide additional information but to not be specific of what to send. Then, suspend the application process and refer [] [P]etitioner to the [D]epartment's chief counsel is an adjudication and act that crated [sic] concrete damages to [] [P]etitioner.

Complaint ¶ 17. Finally, Petitioner avers: "The [Complaint] is for the [D]epartment's exceeding statutory authority under [] [S]ection[s] 111[] and 111.1

of the [School Code] but not limited to these section[s] and law, when investigating or revising an application for a teacher certification by the [D]epartment." Complaint ¶ 20.

Respondents object, averring:

> [The Department] is statutorily required to evaluate the moral character of teacher's [sic] permit applicants and is prohibited from granting a permit to any person who does not have "good moral character." 22 Pa. Code § 49.12; 24 P.S. § 12-1209. [The Department] requested information pertaining to Petitioner's licensing complaint to fulfill its duty to evaluate his character under these statutes.

Respondents' Prelim. Objs. ¶ 15. Petitioner rejoins: "This is nothing more than a denial than [sic] admitting true the [C]omplaint to then show from the facts and law it is certain and free of all doubt there can be no relief. In short, they neither argue the motion standard no[r] sho[w] they meet [sic] it." Petitioner's Br. at 11-12.

Respondents assert in their Reply Brief that Petitioner claims that the law limits a background review to criminal and child abuse history and references Sections 111 and 111.1 of the School Code. Respondents rejoin that, even if these statutes were applicable to the Department, they expressly state that they do not limit the information that can be requested of an applicant during a background review. Respondents maintain that the Department is required to consider the whole of an applicant's moral character.

Section 111 of the School Code mandates, in relevant part:

> (a.1) Beginning April 1, 2007, this section shall apply to all current and prospective employes of public and private schools, intermediate units and area career and technical schools, including, but not limited to, teachers, substitutes, janitors, cafeteria workers, independent contractors and their employes, except those employes and independent contractors and their employes who have no direct contact with children.

12

. . . .

(b) **Administrators of public and private schools, intermediate units and area career and technical schools** shall require prospective employes to submit with their employment application, pursuant to 18 Pa.C.S. Ch. 91 (relating to criminal history record information), a report of criminal history record information from the Pennsylvania State Police or a statement from the Pennsylvania State Police that the State Police central repository contains no such information relating to that person. Such report of criminal history record information shall be no more than five (5) years old. An applicant may submit a copy of the required information with the application for employment. Administrators shall maintain a copy of the required information. Administrators shall require contractors to produce a report of criminal history record information for each prospective employe of such contractor prior to employment. A copy of the report of criminal history record information from the Pennsylvania State Police shall be made available to the applicant in a manner prescribed by the Department . . . .

. . . .

(f.2) **Nothing in this section shall be construed to interfere with the ability of a public or private school, intermediate unit or area career and technical school to make employment**, discipline or termination **decisions**, provided that this subsection shall not be construed to conflict with subsection (e), (f.1) or (j)(6).

24 P.S. § 1-111 (emphasis added).

Section 49.12 of the Department's Regulations requires: "[E]very professional employee certified or permitted to serve in the schools of this Commonwealth shall . . . [b]e of good moral character." 22 Pa. Code § 49.12. Further, Section 1209 of the School Code mandates: "No teacher's certificate shall be granted to any person who . . . [d]oes not have a good moral character." 24 P.S. § 12-1209.

13

This Court has explained:

'Good moral character' is defined, in part, as follows:

> 1. A pattern of behavior that is consistent with the community's current ethical standards and that shows an absence of deceit or morally reprehensible conduct . . . [.] 2[.] A pattern of behavior conforming to a profession's ethical standards and showing an absence of moral turpitude . . . [.] Good moral character is [usually] a requirement of persons applying to practice a profession such as law or medicine [. . . .]

Black's Law Dictionary 714 (8th ed. 2004). Case law provides an additional understanding of those terms in the specific context of licenses and similar interests.

In *Gombach v. Department of State, Bureau of Commissions, Elections and Legislation*, 692 A.2d 1127 (Pa. Cmwlth. 1997), the [C]ourt defined the analogous 'good moral character' requirement in [S]ection 5 of the Notary Public Law[7] to require the absence of conduct or acts indicating moral turpitude, stating, our [C]ourts have defined moral turpitude as 'anything done knowingly contrary to justice, honesty or good morals,' *Gombach*[, 692 A.2d] at 1130 (quoting *Foote v. State Bd. of Vehicle Mfrs., Dealers [&] Salespersons*, 578 A.2d 1355, 1357 (Pa. Cmwlth. 1990)). *See also Bowalick v. Commonwealth*, 840 A.2d 519 (Pa. Cmwlth. 2004) (an act [of] moral turpitude may consist of intentional, knowing or reckless conduct involving dishonesty, fraud or deception). Therefore, under *Gombach* and these similar cases, good moral character is demonstrated by the absence of conduct or acts done knowingly contrary to justice, honesty or good morals.

---

[7] Act of August 21, 1953, P.L. 1323, *as amended*, formerly 57 P.S. § 151. Section 5 of the Notary Public Law was repealed by Section 3(2)(ix) of the Act of October 9, 2013, P.L. 609, effective October 26, 2017.

14

*Sehbai v. Bureau of Pro. & Occupational Affs., State Bd. of Med.* (Pa. Cmwlth. No. 1743 C.D. 2016, filed Sept. 27, 2017), slip op. at 11 (footnote omitted).[8]

Here, in answering the questions on the TIMS application regarding his teacher's certification, Petitioner referenced a licensing complaint, but stated that it did not involve child abuse.

> On or about June 6, 2022[,] the [D]epartment by its employee [] Steinhauer sent to [Petitioner] an email **to send additional documentation** about a licensing complaint, which complaint did not concern[] child abuse, and is the only licensing matter against [] [P]etitioner in his near [30] years as an attorney. The mat[t]er[] is denied by [] Petitioner and explained to the [D]epartment upon the [D]epartment'[s] demand for a written and signed explanation.

Complaint ¶ 34 (emphasis added). *This supplemental documentation request is the basis for Petitioner's entire action*. Clearly, any licensing complaint would potentially reflect on whether Petitioner has "good moral character." 22 Pa. Code § 49.12; 24 P.S. § 12-1209. Consequently, the Department was not only *permitted to* request that Petitioner submit additional documentation (other than Petitioner's own explanation) regarding the licensing complaint, but it was statutorily *required to* do so. Accordingly, the Department did not exceed its authority, and Petitioner "has clearly failed to state a claim for which relief can be granted." *Torres*, 997 A.2d at 1245. Because "it [] appear[s] with certainty that the law will not permit recovery," *id*., Respondents' first Preliminary Objection is sustained, and Petitioner's Complaint is dismissed.[9]

---

[8] Unreported panel decisions of this Court may be cited for their persuasive value, but not as binding precedent, pursuant to Rule 126(b)(1), Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Sehbai* is cited for its persuasive value.

[9] Given the disposition of Respondents' first Preliminary Objection, this Court need not reach their remaining Preliminary Objections.

## Conclusion

For all of the above reasons, Petitioner's Objection to Respondents' Preliminary Objections is overruled, Petitioner's Application to Strike is granted, and Respondents' first Preliminary Objection to Petitioner's Complaint is sustained. Petitioner's Complaint is dismissed.

_____
ANNE E. COVEY, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli,                  :
           Petitioner     :
                           :
           v.                :
                           :
Commonwealth of Pennsylvania   :
Department of Education (Division of  :
Certification Services) and      :
Alicia Steinhauer,          :    No. 354 M.D. 2022
           Respondents   :

## O R D E R

AND NOW, this 20th day of July, 2023, Brian Puricelli's (Petitioner) Preliminary Objection to the Commonwealth of Pennsylvania, Department of Education, Division of Certification Services' and Alicia Steinhauer's (collectively, Respondents) is OVERRULED; Petitioner's Application to Strike Respondents' Brief in Support of their Preliminary Objections to Petitioner's Petition for Review in the nature of a Complaint for Writ of Prohibition, Mandamus, Injunctive and Legal Relief (Complaint) is GRANTED; Respondents' first Preliminary Objection to Petitioner's Complaint is SUSTAINED; and Petitioner's Complaint is DISMISSED.

_____
ANNE E. COVEY, Judge